BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE BRUCE McPHERSON, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
Is a public school district required to provide special education programs to a child with disabilities who has been voluntarily enrolled by a parent in a private school?
 CONCLUSION
A public school district is required to provide special education programs to a child with disabilities who has been voluntarily enrolled by a parent in a private school only to the extent that the programs can be purchased with the proportionate share of federal funds made available to the school district under the Individuals with Disabilities Education Act.
 ANALYSIS
The question presented for resolution centers on California law (Ed. Code, §§ 56000-56885)[1] providing special education programs to children with disabilities, specifically those voluntarily enrolled in private schools (§§ 56170-56177),[2]
consistent with and implementing the federal Individuals with Disabilities Education Act (20 U.S.C. § 1400-1419). What special education programs, if any, are to be provided by a public school district to children with disabilities who are voluntarily enrolled by their parents in a private school? We conclude that a school district is directed to provide special education programs to such children only to the extent the programs may be purchased with the proportionate share of funds made available to the district under federal law.
In analyzing the governing statutes, we may rely upon well recognized principles of statutory interpretation. We are instructed to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (DuBois v. Workers' Comp. Appeals Bd. (1993) 5 Cal.4th 382, 387.) "The words of the statute are the starting point." (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977.) "If the language is clear and unambiguous, there is no need for construction. . . ." (Lungren v. Deukmejian (1988)45 Cal.3d 727, 735.) Finally, "`[w]ords must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.'" (Woods v. Young (1991) 53 Cal.3d 315, 323.)
Applying these rules of construction, we find that California law is clear with respect to the duties of a school district in providing special education programs to children with disabilities who have been voluntarily enrolled in private schools by their parents. First, an assessment of needs is made under the provisions of section 56171:
 "Districts . . . shall locate, identify, and assess all private school children with disabilities, including religiously affiliated school-age children, who have disabilities and are in need of special education and related services residing in the jurisdiction of the district. . . ."
Once the child has been assessed, the school district is to provide special education programs for the child pursuant to the terms of section56172:
 "The district . . . shall make provision for the participation of private school children with disabilities in special education programs under this part by providing them with special education and related services in accordance with the provisions of this article."
The extent of the special education programs provided to children who are voluntarily enrolled in private schools is specified for "this article" in section 56173:
 "To meet the requirements of Section 56172, each district . . . shall spend on providing special education and related services to private school children with disabilities enrolled by a parent in private elementary and secondary schools, an amount of federal state grant funds allocated to the state under Part B of the Individuals with Disabilities Education Act (20 U.S.C. § 1400 et seq.) that is equal to a proportionate amount of federal funds made available under the Part B grant program for local assistance."
Accordingly, pursuant to section 56173, children with disabilities who are voluntarily enrolled in private schools are to be provided special education programs by public school districts to the extent that the programs can be purchased with "a proportionate amount of federal funds made available . . . for local assistance."
If any doubt remained as to what the Legislature intended concerning the level of special education programs to be provided for children voluntarily enrolled in private schools, section 56000 states in part:
 ". . . It is . . . the intent of the Legislature that nothing in this part [§§ 56000-56885] shall be construed to set a higher standard of educating individuals with exceptional needs than that established by Congress under the Individuals with Disabilities Education Act (20 U.S.C. § 1400
et seq.)."
What Congress has established for public school districts in providing special education programs to children voluntarily enrolled in private schools is that the districts are to purchase programs with the proportionate share of federal funds made available to the districts without using any state or local funds. (20 U.S.C. § 1412
(a)(10)(A)(i)(I); 34 C.F.R. § 300.453-300.455 (1999); Russman v. Bd. of Educ. of City of Watervliet (2nd Cir. 1998) 150 F.3d 219, 220-221; Fowler v. Unified School Dist. No. 259 (10th Cir. 1997) 128 F.3d 1431,1439.) Specifically, federal law provides:
 "To the extent consistent with the number and location of children with disabilities in the State who are enrolled by their parents in private elementary and secondary schools, provision is made for the participation of those children in the program assisted or carried out under this subchapter by providing for such children special education and related services in accordance with the following requirements . . .
 "(I) Amounts expended for the provision of those services by a local educational agency shall be equal to a proportionate amount of Federal funds made available under this subchapter.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ." (20 U.S.C. § 1412 (a)(10)(A)(i).)
As explained in Russman v. Bd. of Educ. of City of Watervliet, supra, 150 F.3d at page 221:
 ". . . The amended [Individuals with Disabilities Education Act] `specifies that the total amount of money that must be spent to provide special education and related services to children in the State with disabilities who have been placed by their parents in private schools is limited to a proportional amount . . . of the Federal funds available under part B.' [Citation.] States are, therefore, not obligated under the statute to expend their own funds on disabled children who have voluntarily enrolled in private school. [Citations.] Rather, states are required to provide to children voluntarily enrolled in private schools only those services that can be purchased with a proportionate amount of the federal funds received under the program. [Citations.]"
Hence, under both state law (§§ 56000, 56172, 56173) and federal law (20 U.S.C. § 1412 (a)(10)(A)(i)(I)), public school districts are directed to provide special education programs to children with disabilities who are voluntarily enrolled in private schools only to the extent that the programs can be purchased with a proportionate amount of the federal funds received by the school district. The "proportionate" calculation is based upon the number of children with disabilities enrolled in private schools and the total number of children with disabilities residing in the school district's jurisdiction. ( 34 C.F.R. § 300.453 (1999); Russman v. Bd. of Educ. of City of Watervliet, supra, 150 F.3d at p. 221.) No other statute, state or federal, requires our examination. We find the state law and federal law to be clear and unambiguous, and their provisions may thus be easily harmonized.
We conclude that a public school district is required to provide special education programs to a child with disabilities who has been enrolled by a parent in a private school only to the extent that the programs can be purchased with the proportionate share of federal funds made available to the school district under the Individuals with Disabilities Education Act.
[1] All references hereafter to the Education Code are by section number only.
[2] The placement of children with disabilities in private schools by a school district, special education local plan area, or county office (§ 56170) is beyond the scope of this opinion. We deal here only with a child with a disability who has been offered a free appropriate public education by a school district, "and the parent of the child elected to place the child in the private school or facility." (§ 56174.)