[No. B045059. Second Dist., Div. Five. Mar. 26, 1990.]

COURTESY CLAIMS SERVICE, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
RAYMOND GALVAN et al., Real Parties in Interest.

**COUNSEL**

Fisher & Prager and Margaret G. Parke for Petitioners.

No appearance for Respondent.

A. Tod Hindin and Bruce Bright for Real Parties in Interest.

## OPINION

**BOREN, J.**—Petitioners seek review of an order of the respondent court denying their motion, pursuant to Code of Civil Procedure section 2033, subdivision (k), for an order that matters contained in requests for admissions be deemed admitted.[1] The petition is granted.

### FACTS

This is an insurance "bad faith" action. (Ins. Code, § 790.03, subd. (h).) Raymond Galvan, Lucina Galvan and Rachel Howard (plaintiffs) sued Stephen Hernandez in municipal court for personal injuries and property damages sustained in an automobile accident. Plaintiffs made a claim under Hernandez's automobile policy with Utah Home Fire Insurance Company (Utah), which retained petitioner Courtesy Claims Service, Inc. (Courtesy), to adjust plaintiffs' claim. Plaintiffs thereafter obtained default judgments of $15,000 each against Hernandez. Utah paid Hernandez's policy limits of approximately $30,000. Plaintiffs executed a covenant not to enforce their judgments against Hernandez personally in exchange for an assignment of his rights against Utah and Courtesy. Plaintiffs filed this "bad faith" action as third party claimants and under the assignment of Hernandez's rights, alleging that Courtesy and Utah failed to promptly negotiate and settle their claims, despite a settlement demand. Hernandez, who is represented by the same counsel as the other plaintiffs, filed his own bad faith action, which has been consolidated with this case.

---

[1] Section 2033, subdivision (k), provides: "If a party to whom requests for admission have been directed fails to serve a timely response, that party thereby waives any objection to the requests, including one based on privilege or on the protection for work product under Section 2018. However, the court, on motion, may relieve that party from this waiver on its determination that (1) the party has subsequently served a response that is in substantial compliance with subdivision (f), and (2) the party's failure to serve a timely response was the result of mistake, inadvertence, or excusable neglect.

"The requesting party may move for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted, as well as for a monetary sanction pursuant to Section 2023. *The court shall make this order, unless it finds that the party to whom the requests for admission have been directed has served, before the hearing on the motion, a proposed response to the requests for admission that is in substantial compliance with paragraph (1) of subdivision (f).* It is mandatory that the court impose a monetary sanction under Section 2023 on the party or attorney, or both, whose failure to serve a timely response to requests for admission necessitated this motion." (Italics added.) All further statutory references are to the Code of Civil Procedure.

In April 1989, Utah served identical sets of requests for admissions on each plaintiff, including Hernandez. Courtesy served similar requests on July 13, 1989. Plaintiffs did not file responses to either set of requests.

On August 18, 1989, Courtesy filed a "Motion Deeming Admitted Truthfulness of Matters and Genuineness of Documents." The hearing on the motion was set for September 5. On August 24, plaintiffs' counsel served Courtesy with a response on behalf of Rachel Howard only. On August 29, all plaintiffs served Utah with responses to its requests of the previous April.[2]

Courtesy's motion was heard on September 5, 1989. Despite the concession of plaintiffs' counsel that no responses had been served on behalf of the Galvans or Hernandez, the court denied Courtesy's motion "in the interest of justice" and gave the remaining plaintiffs twenty days to submit responses.[3] The court imposed sanctions against plaintiffs and their attorney in the sum of $764.00.

### DISCUSSION

■ The court's ruling was contrary to the mandatory language of section 2033, subdivision (k). That section makes no exception for "the interests of justice;" rather, it specifically provides that if proposed responses are not served prior to the hearing on the motion, the court *shall* make an order that the matters raised in the requests be deemed admitted.

■ This mandatory language was no accident. Under former section 2033, subdivision (a), failure to timely respond to requests for admissions resulted in automatic admissions of the requested matters. This produced harsh, and in many cases, confusing results; a party who was willing to make the admission simply did not file a response, and the propounding party could not determine whether the recipient's failure to respond was attributable to his willingness to make the admission, or to the "oversight or sloth" of his attorney. (Reporter's Notes, State Bar/Judicial Council Joint Com. on Discovery, 3 Hogan, Modern Cal. Discovery (4th ed. 1988) p. 254.)

The State Bar/Judicial Council Joint Commission on Discovery, drafters of the Civil Discovery Act of 1986, recommended abolition of the "deemed

---

[2] The transcript of the hearing below indicates that Utah filed its own motion pursuant to section 2033, subdivision (k), which was to be heard one week after Courtesy's motion.

[3] Plaintiffs were also given 20 days to file answers to a set of contention interrogatories which were propounded at the same time as the requests and which were likewise not answered.

admission" and substitution of the procedure now embodied in section 2033, subdivision (k), which allows the propounding party to make a motion that any unanswered requests be deemed admitted. That procedure *"requires* the court to grant this motion unless a proposed response is served before the hearing on the motion. Moreover, it makes the imposition of a monetary sanction against the delinquent party mandatory. The Commission recognizes that its proposal is shifting to the party seeking discovery the task of applying to the court to enforce a response to which that party is already entitled. However, it believes that the present practice [deemed admissions] is draconian, and that the prospect of a mandatory monetary sanction will in most instances provide sufficient incentive for the party to whom the request is directed to comply with the requirements of this discovery method." (3 Hogan, *op. cit., supra,* at p. 255, italics added.)

In spite of the risk that the matters contained in the requests would be deemed admitted, and the threat of monetary sanctions, plaintiffs did not file any responses to the requests on behalf of the Galvans and Hernandez, and so conceded at the hearing on Courtesy's motion. Plaintiffs now argue, however, that they did file responses, which the court properly allowed them to "amend" because they satisfied the "substantial compliance" requirements of section 2033, subdivision (f).[4] We reject this argument, for several reasons.

First, there was nothing to "amend." The responses submitted by plaintiffs were to requests propounded by Utah, a different defendant represented by different counsel. Plaintiffs did not submit *any* response to the requests propounded by Courtesy until late October, 1989, after this petition was filed and after Courtesy filed a motion to dismiss.

Second, plaintiffs did not "substantially comply" with section 2033, subdivision (f), which regulates the content of the response of a party to whom requests for admission are directed. A prerequisite of that section is that a response first be filed. Plaintiffs did not do so here.

Plaintiffs, carrying their "amendment" argument one step further, contend that the court properly afforded them the benefit of section 2033, subdivision (m), which provides in pertinent part: "The court may permit withdrawal or amendment of an admission only if it determines that the admission was the result of mistake, inadvertence, or excusable neglect . . . ." The court did not make such a determination here, nor could it have appropriately done so; subdivision (m) applies only to a party "who has made an admission in response to a request." (3 Hogan, *op. cit., supra,*

---

[4](See highlighted language, fn. 1, *ante.*)

at p. 255.) Plaintiffs' admissions resulted from their *failure* to respond to such requests.

Finally, plaintiffs complain that granting Courtesy's motion would "emasculate" plaintiffs' causes of action and would be "tantamount to a dismissal." The risk of eventual dismissal is one which plaintiffs assumed when they ignored Courtesy's motion.

Let a peremptory writ of mandate issue directing the respondent court to vacate that portion of its order of September 5, 1989, denying petitioners' motion for an order "Deeming Admitted Truthfulness of Matters and Genuineness of Documents," and enter a new and different order granting the motion, in that matter entitled Galvan v. Utah Home Fire Insurance Company et al. (Super. Ct. L.A. County, 1989, No. SEC 64044.)

Lucas, P. J., and Ashby, J., concurred.