[No. S074519. Nov. 22, 1999.]

MARK LEE WILCOX, a Minor, etc., et al., Plaintiffs and Appellants, v. WILLIAM BIRTWHISTLE, Defendant and Respondent.

974

## COUNSEL

Allan Lerch & Associates and Richard J. Reilley for Plaintiffs and Appellants.

Dummit, Faber & Briegleb, Randall R. McKinnon; and Fred J. Hiestand for Defendant and Respondent.

Catherine I. Hanson and Fred L. Main for the California Chamber of Commerce, California Medical Association, California Dental Association and California Healthcare Association as Amici Curiae on behalf of Defendant and Respondent.

McIntire Law Corporation and Christopher D. McIntire as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

**BROWN, J.**—In this case we consider whether a party who fails to respond to a request for admissions under Code of Civil Procedure section 2033 and has a "deemed admitted order" entered against him may withdraw or amend these deemed admissions pursuant to subdivision (m) of that statute.[1] We conclude that subdivision (m) permits the withdrawal or amendment of admissions deemed admitted for failure to respond.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are undisputed. Mark Lee Wilcox, a minor appearing by and through his mother and guardian ad litem, Maria J. Wilcox, and Jerry Lee

---

[1] All further subdivision references are to Code of Civil Procedure section 2033 unless otherwise indicated.

Wilcox, Mark's father (collectively the Wilcoxes), filed a medical malpractice action against William Birtwhistle, M.D.[2] Soon after, Dr. Birtwhistle served Mark with a request for admissions (RFA). The RFA contained nine requests and asked Mark to admit, among other things, that Dr. Birtwhistle "was not negligent in any manner in which he provided medical care to" Mark and that Mark "has not suffered any personal injury as a result of the medical care which was provided by" Dr. Birtwhistle.

When Mark did not respond to these requests, Dr. Birtwhistle filed a motion to have them deemed admitted pursuant to subdivision (k). The trial court held a hearing on the motion approximately one month after its filing. Mark did not oppose the motion but served responses to the RFA before the hearing. He, however, failed to verify these responses. Accordingly, the court granted Dr. Birtwhistle's motion and ordered the requests "deemed admitted."

Approximately 16 days later, the Wilcoxes' new counsel served verified responses to the RFA and filed a motion for reconsideration of and relief from the deemed admitted order. A declaration from the Wilcoxes' former counsel accompanied the motion and explained that the failure to serve timely responses occurred because of his own mistake or negligence. Although the trial court expressed its inclination to grant the motion in the interests of justice, the court ultimately denied it because *St. Paul Fire & Marine Ins. Co.* v. *Superior Court* (1992) 2 Cal.App.4th 843 [3 Cal.Rptr.2d 412] (*St. Paul*)—which precluded any relief from a deemed admitted order—controlled.

Armed with the deemed admitted order, Dr. Birtwhistle moved for summary judgment.[3] The Wilcoxes' opposition included an expert declaration from David Stevenson, M.D., a professor of pediatrics and chief of the division of neonatal and developmental medicine at Stanford University, opining that Dr. Birtwhistle was negligent. The trial court, however, refused to consider Dr. Stevenson's declaration and granted summary judgment solely based on the deemed admissions.

---

[2]Although the Wilcoxes named several other defendants who obtained summary judgment or quashed service of the complaint, they do not challenge these rulings on this appeal.

[3]The Wilcoxes' second amended complaint sought separate damages on behalf of Mark and his parents. Although Dr. Birtwhistle only directed his RFA to Mark, and the deemed admitted order correctly stated that the requests were deemed admitted only by Mark, Dr. Birtwhistle obtained summary judgment against all three plaintiffs. Because the deemed admitted order only resulted in admissions by Mark—and not his parents—and the record contained no other basis for summary judgment against Mark's parents, summary judgment against the parents was arguably improper even if summary judgment against Mark was proper. We do not, however, address this issue because we reverse the grant of summary judgment on other grounds.

The Court of Appeal reversed. Disagreeing with *Courtesy Claims Service, Inc.* v. *Superior Court* (1990) 219 Cal.App.3d 52 [268 Cal.Rptr. 30] (*Courtesy Claims*), *St. Paul, supra,* 2 Cal.App.4th 843, and their progeny, the Court of Appeal held that subdivision (m) permits the withdrawal or amendment of deemed admissions. According to the court, such an interpretation better harmonizes subdivision (m) with subdivisions (k) and (n) and is more consistent with the legislative history.

We granted Dr. Birtwhistle's petition for review to determine whether a party may withdraw or amend admissions deemed admitted for failure to respond upon a showing of "mistake, inadvertence, or excusable neglect" and no substantial prejudice pursuant to subdivision (m).

## II. DISCUSSION

Because the trial court granted summary judgment solely based on the deemed admissions, we must look through the summary judgment to the deemed admitted order and determine whether subdivision (m) permits relief from this order. (See *Brigante* v. *Huang* (1993) 20 Cal.App.4th 1569, 1587 [25 Cal.Rptr.2d 354].) Dr. Birtwhistle contends that subdivision (m) only permits withdrawal or amendment of admissions contained in an actual response—and not admissions deemed admitted for failure to respond pursuant to subdivision (k). The Wilcoxes contend that subdivision (m) applies to all admissions, including deemed admissions. We agree with the Wilcoxes.

When construing a statute, we must "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*DuBois* v. *Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 387 [20 Cal.Rptr.2d 523, 853 P.2d 978].) The words of the statute are the starting point. "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . ." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299] (*Lungren*).) If the language permits more than one reasonable interpretation, however, the court looks "to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part." (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1008 [239 Cal.Rptr. 656, 741 P.2d 154].) After considering these extrinsic aids, we "must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general

purpose of the statute, and avoid an interpretation that would lead to absurd consequences." (*People* v. *Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224].)

 The statutory language provides little guidance in this case because it is equally susceptible to both interpretations. Enacted as part of the 1986 Civil Discovery Act, subdivision (m) states: "A party may withdraw or amend *an admission made in response to a request* for admission only on leave of court granted after notice to all parties. The court may permit withdrawal or amendment of *an admission* only if it determines that the admission was the result of mistake, inadvertence, or excusable neglect, and that the party who obtained the admission will not be substantially prejudiced in maintaining that party's action or defense on the merits." (Italics added.) The second sentence ostensibly places no restriction on the types of admissions that may be withdrawn or amended. The first sentence, however, limits the scope of subdivision (m) to "admissions made in response to a request" and appears to exclude deemed admissions because a nonresponding party, by definition, makes no response.

Although the plain meaning rule is not helpful, reading subdivision (m) in light of two other subdivisions enacted at the same time—(k) and (n)—offers convincing evidence that subdivision (m) covers deemed admissions. Subdivision (k) provides that a propounding party who fails to receive a timely response may move for an order that "matters specified in the requests" are deemed admitted.[4] The nonresponding party can avoid the deemed admitted order by serving a verified response before the hearing on the motion. (*Ibid.*) The failure to do so, however, results in automatic entry of the order. (*Ibid.*) Subdivision (n) defines the effect of an admission and provides that "[a]ny matter admitted *in response to a request for admission* is conclusively established against the party *making* the admission in the pending action,

---

[4]Subdivision (k) states: "If a party to whom requests for admission have been directed fails to serve a timely response, that party thereby waives any objection to the requests, including one based on privilege or on the protection for work product under Section 2018. However, the court, on motion, may relieve that party from this waiver on its determination that (1) the party has subsequently served a response that is in substantial compliance with subdivision (f), and (2) the party's failure to serve a timely response was the result of mistake, inadvertence, or excusable neglect.

"The requesting party may move for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted, as well as for a monetary sanction under Section 2023. The court shall make this order, unless it finds that the party to whom the requests for admission have been directed has served, before the hearing on the motion, a proposed response to the requests for admission that is in substantial compliance with paragraph (1) of subdivision (f). It is mandatory that the court impose a monetary sanction under Section 2023 on the party or attorney, or both, whose failure to serve a timely response to requests for admission necessitated this motion."

unless the court has permitted withdrawal or amendment of that admission under subdivision (m)."[5] (Italics added.) By enacting subdivision (n), the Legislature codified the case law existing at the time—which held that matters admitted in an actual response or deemed admitted for failure to respond constitute binding judicial admissions. (See 1 Hogan & Weber, Cal. Civil Discovery (1997) Admission Requests, § 9.20, pp. 507-508 (Hogan & Weber); Discovery, State Bar/Judicial Council of Cal., J. Com. on Discovery, Reporter's Notes to the Proposed Civil Discovery Act of 1986 (Reporter's Notes), reprinted at 2 Hogan & Weber, *supra*, appen. C, at p. 448.) Because subdivision (n) covers matters deemed admitted pursuant to subdivision (k), we can only harmonize these subdivisions by concluding that a deemed admitted order establishes, by judicial fiat, that a nonresponding party has responded to the requests by admitting the truth of all matters contained therein. (See *Lungren, supra*, 45 Cal.3d at p. 735 [court must adopt the interpretation "that leads to the more reasonable result"].)

This harmonization of the language of section 2033 compels the conclusion that subdivision (m) provides relief from deemed admissions. Like subdivision (n), subdivision (m) refers to admissions "made in response to a request for admission." Because words or phrases given a particular meaning in one part of a statute must be given the same meaning in other parts of the statute, this reference in subdivision (m)—like the analogous language in subdivision (n)—must encompass deemed admissions. (See *Steketee* v. *Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 52 [210 Cal.Rptr. 781, 694 P.2d 1153].)

The legislative history further reveals that this interpretation of subdivision (m) promotes the underlying purpose behind the 1986 enactment of section 2033. Before this enactment, a party propounding a request for admission had to include a warning that noncompliance would result in a deemed admission. If the propounding party did not receive a timely response, then he could serve the answering party with notice that a deemed admission had occurred. Upon receipt of this notice, the nonresponding party had 30 days to apply for relief pursuant to section 473 of the Code of Civil Procedure. (See *Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 232 [211 Cal.Rptr. 416, 695 P.2d 713].) This practice, however, was problematic because it: (1) was too "draconian" and "imposed a sanction for nonresponse or tardy response that [was] out of all proportion to the abuse of discovery"; and (2) created no incentive for a party willing to make the admissions to

---

[5]The remainder of subdivision (n) states: "However, any admission made by a party under this section is (1) binding only on that party, and (2) made for the purpose of the pending action only. It is not an admission by that party for any other purpose, and it shall not be used in any manner against that party in any other proceeding."

serve an actual response. (Reporter's Notes, § 2033, subds. (f)(1), (k), in 2 Hogan & Weber, *supra*, appen. C, at pp. 446, 447.)

Construing subdivision (m) to permit the withdrawal or amendment of deemed admissions is consistent with the Legislature's intention to remedy these problems. By eliminating the time limits on obtaining relief, subdivision (m) is much less draconian than the previous practice—which only gave a nonresponding party 30 days after receiving notice of the deemed admissions to obtain relief. Applying subdivision (m) to deemed admissions also allows the trial court to tailor the sanction to the severity of the discovery abuse.[6] Any concerns about potential harm to the propounding party are alleviated by the need to show no substantial prejudice and the availability of additional sanctions. (*Ibid.*) In contrast, precluding the withdrawal or amendment of deemed admissions is arguably more draconian than the previous practice because the nonresponding party may have as little as 15 days—the minimum notice required for a motion—to avoid an irrevocable admission. (See *Demyer* v. *Costa Mesa Mobile Home Estates* (1995) 36 Cal.App.4th 393, 401 [42 Cal.Rptr.2d 260] (*Demyer*).)

Permitting the withdrawal or amendment of deemed admissions is also consonant with the legislative desire to encourage actual responses. Although precluding such relief does create more incentive for a response, the mandatory imposition of monetary sanctions under subdivision (k) already provides "sufficient incentive for the party to whom the request is directed to comply with the requirements of this discovery method." (Reporter's Notes, § 2033, subd. (k), in 2 Hogan & Weber, *supra*, appen. C, at p. 447.) In any event, the specter of sanctions under subdivision (m) should supply any additional incentive necessary to ensure a response. Precluding the withdrawal or amendment of deemed admissions, therefore, amounts to overkill.

The Reporter's Notes to subdivision (m) provide additional support. (See *Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 249 [66 Cal.Rptr. 20, 437 P.2d 508] ["[r]eports of commissions which have proposed statutes that are subsequently adopted are entitled to substantial weight in construing the statutes"], overruled on other grounds by *Privette* v. *Superior Court* (1993) 5 Cal.4th 689 [21 Cal.Rptr.2d 72, 854 P.2d 721].) These notes suggest that subdivision (m) is based on rule 36(b) of the Federal Rules of Civil

---

[6]The relevant part of subdivision (m) states: "The court may impose conditions on the granting of the motion [for withdrawal or amendment] that are just, including, but not limited to, an order that (1) the party who obtained the admission be permitted to pursue additional discovery related to the matter involved in the withdrawn or amended admission, and (2) the costs of any additional discovery be borne in whole or in part by the party withdrawing or amending the admission."

Procedure (28 U.S.C.)[7]—which, when subdivision (m) was enacted, permitted relief from matters deemed admitted for failure to respond. (See, e.g., *Gutting* v. *Falstaff Brewing Corp.* (8th Cir. 1983) 710 F.2d 1309, 1313; *Brook Village North Associates* v. *General Elec. Co.* (1st Cir. 1982) 686 F.2d 66, 70.)

The analysis of the 1986 Civil Discovery Act prepared for the Assembly Committee on Judiciary reinforces this conclusion. This analysis reported that the bill "[e]stablishes a specific procedure for . . . the withdrawal or amendment of admission which *generally* permits amendment only upon leave of the court and notice to all parties. . . ." (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 169 (1985-1986 Reg. Sess.) as amended Jan. 8, 1986, p. 3, italics added.) It made no mention of any distinction between deemed admissions and admissions made in response to a request for purposes of withdrawal or amendment.

We recognize that virtually all Court of Appeal decisions have followed the reasoning of *Courtesy Claims* and *St. Paul*, and reached the opposite conclusion. Nonetheless, we think our interpretation of subdivision (m) is more consistent with the statutory language and legislative history of section 2033. Moreover, the reasoning of these Court of Appeal decisions does not support a contrary result.

First, their reliance on the reference in the Reporter's Notes (see *Courtesy Claims, supra,* 219 Cal.App.3d at pp. 56-57) to the prior statute's silence "concerning the trial court's power to permit a party who has made an admission in response to a request to withdraw or amend that admission" is misplaced. (Reporter's Notes, § 2033, subd. (m), in 2 Hogan & Weber, *supra,* appen. C, at p. 447.) The quoted reference simply explains that subdivision (m) remedies this omission in the prior statute.[8] It does not evidence a legislative intent to limit subdivision (m) to admissions contained in an actual response. Later statements in the Reporter's Notes confirm that subdivision (m) "articulates" the court's power to permit withdrawal or

---

[7]The relevant part of the Reporter's Notes states: "The present CCP § 2033 is silent concerning the trial court's power to permit a party who has made an admission in response to a request to withdraw or amend that admission. A similar deficiency in the original FRCivP 36 was remedied by a 1970 amendment that provides: '[T]he court may permit withdrawal or amendment when the presentation of the merits will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.' " (Reporter's Notes, § 2033, subd. (m), in 2 Hogan & Weber, *supra,* appen. C, at pp. 447-448.)

[8]This failure by the Reporter's Notes to mention deemed admissions is understandable because the predecessor statute specifically addressed the trial court's power to permit withdrawal or amendment of a deemed admission. (See *Elston* v. *City of Turlock, supra,* 38 Cal.3d at p. 232.)

amendment of all admissions. (Reporter's Notes, § 2033, subd. (m), in 2 Hogan & Weber, *supra*, appen. C, at p. 448.)[9]

Second, their conclusion that subdivision (k) "controls relief when there is a failure to serve a timely response" and subdivision (m) controls relief when there is an actual admission is not supported by the statutory language or legislative history.[10] (*St. Paul*, *supra*, 2 Cal.App.4th at p. 851.) Indeed, the scheme of section 2033 equally supports the conclusion that subdivision (k) controls when the failure to respond results in a binding judicial admission and subdivision (m) controls when a party may obtain relief from an admission, deemed or otherwise.

Third, interpreting subdivision (m) to cover deemed admissions will not render subdivision (k) "useless or duplicative." (*St. Paul*, *supra*, 2 Cal.App.4th at p. 852.) To the contrary, this interpretation complements the enforcement scheme created by subdivision (k). Under subdivision (k), the initial penalty for failure to respond is the waiver of all objections. Once the propounding party files a motion for a deemed admitted order, the nonresponding party then faces an additional penalty—mandatory monetary sanctions. (See subd. (k).) Subdivision (m) then describes the consequences of failing to respond before the hearing on the motion and the resulting entry of a deemed admitted order. Now, the nonresponding party can only escape a binding admission by establishing "mistake, inadvertence, or excusable neglect" and no substantial prejudice to the propounding party. (*Ibid.*) The nonresponding party also faces the likely imposition of more sanctions at the discretion of the trial court. (See *ibid.*) This graduated system of enforcement furthers the legislative purpose behind section 2033 by fitting the punishment of the nonresponding party to the offense.

Finally, our interpretation of subdivision (m) reduces the element of gamesmanship present under *Courtesy Claims* and *St. Paul*. (See *Demyer*, *supra*, 36 Cal.App.4th at p. 402.) Parties often propound requests for admission covering the ultimate facts of the case that, if admitted, are outcome

---

[9] The relevant part of the Reporter's Notes states: "A recent California case has recognized that a trial court has discretion under the present statute to permit withdrawal or amendment of *an* admission. *Jahn v Brickey* (1985) 168 Cal.App.3d 399, 404 [214 Cal.Rptr. 119]. The proposed subdivision articulates this power, and then sets guidelines for determining when and under what conditions it should be exercised." (Reporter's Notes, § 2033, subd. (m), in 2 Hogan & Weber, *supra*, appen. C, at p. 448, italics added.)

[10] The legislative history cited by Dr. Birtwhistle merely describes some of the changes wrought by subdivision (k). It does not show that the Legislature intended subdivision (k) to control all relief for failure to respond. (See Assem. Com. on Judiciary, Analysis of Assem. Bill No. 169 (1985-1986 Reg. Sess.) as amended Jan. 8, 1986, p. 3; Assem. Com. on Judiciary, mem. to Assemblyman Elihu M. Harris on Proposed Civil Discovery Act of 1986 (Nov. 6, 1986) p. 6.)

determinative. The propounding party who gets "lucky" and receives no response then notices a motion for a deemed admitted order that, at a minimum, results in the award of monetary sanctions. If the propounding party does not receive a response by the hearing, then, under *Courtesy Claims* and *St. Paul*, he "hits the jackpot" and "wins" an irrevocable deemed admitted order disposing of the lawsuit. By permitting relief under subdivision (m), we eliminate such undeserved windfalls and the resulting subversion of the policy favoring the resolution of lawsuits on the merits. (See *Elston* v. *City of Turlock, supra*, 38 Cal.3d at p. 235.)

We are mindful of the fact that *Courtesy Claims, St. Paul*, and their progeny have controlled interpretations of subdivision (m) for the last nine years without provoking any legislative action. (See *Stop Youth Addiction, Inc.* v. *Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 563 [71 Cal.Rptr.2d 731, 950 P.2d 1086] ["legislative silence after a court has construed a statute gives rise at most to an arguable inference of acquiescence or passive approval"].) Something more than legislative silence, however, is necessary to justify an interpretation inconsistent with the statutory scheme and legislative history especially where, as here, the Legislature has not adopted the judicial interpretation by repeated enactment.[11] (See *People* v. *Daniels* (1969) 71 Cal.2d 1119, 1127-1128 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677].) Accordingly, we hold that subdivision (m) permits the withdrawal or amendment of deemed admissions.[12]

### III. DISPOSITION

We affirm the judgment of the Court of Appeal.

George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J., and Chin, J., concurred.

---

[11]*Courtesy Claims* was decided on March 26, 1990, and *St. Paul* was decided on January 14, 1992. The last amendment to section 2033 occurred in 1991.

[12]We disapprove *Allen-Pacific, Ltd.* v. *Superior Court* (1997) 57 Cal.App.4th 1546 [67 Cal.Rptr.2d 804]; *Demyer, supra*, 36 Cal.App.4th 393; *Brigante* v. *Huang, supra*, 20 Cal.App.4th 1569; *Tobin* v. *Oris* (1992) 3 Cal.App.4th 814 [4 Cal.Rptr.2d 736]; *St. Paul, supra*, 2 Cal.App.4th 843; and *Courtesy Claims, supra*, 219 Cal.App.3d 52, to the extent they conflict with our decision here.