BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
THE CALIFORNIA NATIONAL GUARD, DEPARTMENTS OF THE ARMY AND THE AIR FORCE, has requested an opinion on the following question:
Is a local public agency required to pay an employee who is a member of the California National Guard for the first 30 days of any declared emergency in the state regardless of the number of emergencies declared during a particular fiscal year?
 CONCLUSION
A local public agency is required to pay an employee who is a member of the California National Guard for the first 30 days of any declared emergency in the state regardless of the number of emergencies declared during a particular fiscal year.
 ANALYSIS
The Legislature has enacted a comprehensive statutory scheme (Mil. 
Vet. Code, §§ 389-399.5)[1]
governing the rights and privileges of local public employees who are ordered to active military service in the armed forces of the United States, the California National Guard, and the California Military Reserve. The question presented for analysis concerns whether a local public employee is entitled to paid leave for the first 30 days of emergency duty regardless of the number of emergencies declared during a particular fiscal year. We conclude that the employee is entitled to payment for each emergency regardless of the number of emergencies declared.
Section 395.05 is the focus of our analysis. It provides that public employees who are National Guard members are entitled to absent themselves from their employment while ordered to duty during a state of emergency. It also provides for their compensation from their public employer during such leave "not to exceed 30 days." Section395.05 provides:
 "(a) Any public employee who is a member of the National Guard, shall be entitled to absent himself from his duties or service, without regard to the length of his public service, while engaged in the performance of ordered military or naval duty and while going to and returning from such duty provided such duty is performed during such time as the Governor may have issued a proclamation of a state of extreme emergency or during such time as the National Guard may be on active duty in one or more of the situations described or included in Section 146 of this code provided such absence does not exceed the duration of such emergency. During the absence of such officer or employee while engaged in such military service during such emergency and while going to and returning from such duty, and for a period not to exceed 30 calendar days, he shall receive his salary or compensation as such officer or employee and shall not be subjected by any person directly or indirectly by reason of such absence to any loss or diminution of vacation or holiday privilege or be prejudiced by reason of such absence with reference to promotion or continuance in office, employment, reappointment to office, or reemployment.
 "(b) If the provisions of this section are in conflict with the provisions of a memorandum of understanding reached pursuant to Chapter 12 (commencing with Section 3560) of Division 4 of Title 1 of the Government Code, the memorandum of understanding shall be controlling without further legislative action, except that if such provisions of a memorandum of understanding require the expenditure of funds, the provisions shall not become effective unless approved by the Legislature in the annual Budget Act."
The possible emergencies contemplated by section 395.05
are set forth in sections 143 and 146. Section 143 states:
 "Whenever the Governor is satisfied that rebellion, insurrection, tumult or riot exists in any part of the state or that the execution of civil or criminal process has been forcibly resisted by bodies of persons, or that any conspiracy or combination exists to resist by force the execution of process, or that the officers of any county or city are unable or have failed for any reason to enforce the laws, the Governor may, by proclamation, declare any part of the State of California or the county or city or any portion thereof to be in a state of insurrection, and he or she may thereupon order into the service of the state any number and description of the active militia, or unorganized militia, as he or she deems necessary, to serve for a term and under the command of any officer as he or she directs."
Section 146 provides:
 "The Governor may call into active service any portion of the active militia as may be necessary, and if the number available be insufficient, the Governor may call into active service any portion of the unorganized militia as may be necessary, in any of the following events:
 "(a) In case of war, insurrection, rebellion, invasion, tumult, riot, breach of the peace, public calamity or catastrophe, including, but not limited to, catastrophic fires, or other emergency, or imminent danger thereof, or resistance to the laws of this state or the United States.
 "(b) Upon call or requisition of the President of the United States.
 "(c) Upon call of any United States marshal in California, or upon call of any officer of the United States Army commanding an army, army area, or military administrative or tactical command including generally the State of California, or upon call of any officer of the United States Air Force commanding an air force, air defense force, air defense command or air command including generally the State of California.
 "(d) Upon call of the chief executive officer of any city or city and county, or of any justice of the Supreme Court, or of any judge of the superior court, or of any sheriff, setting forth that there is an unlawful or riotous assembly with intent to commit a felony, or to offer violence to person or property, or to resist the laws of the State of California or the United States or that there has occurred a public calamity or catastrophe requiring aid to the civil authorities.
 "(e) Upon call of the sheriff setting forth that the civil power of the county is not sufficient to enable the sheriff to execute process delivered to him or her."[2]
In examining the language of section 395.05, we may rely upon and apply well recognized principles of statutory constructions. "When construing a statute, we must `ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977.) "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citation.]" (Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735.) We are to "interpret a statute in context, examining other legislation on the same subject, to determine the Legislatures probable intent. [Citations.]" (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 642.)
Construing the terms of section 395.05 in light of these principles, we find that the statute contains no restriction on the number of emergencies for which a public employee is entitled to paid leave for the first 30 days. The 30-day paid leave provision relates to "the absence . . . while engaged in such military service during such emergency." The statutory language is thus phrased so as to refer to a single emergency. In our view, to add a fiscal year limitation to section395.05 would require the addition of language not contained in the statute. It is a "cardinal rule that a statute . . . is to be interpreted by the language in which it is written, and courts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.' [Citation.]" (Wells Fargo Bank v. Superior Court (1991)53 Cal.3d 1082, 1097.)
Moreover, when the Legislature has intended to restrict paid leave to a particular fiscal year, it has done so expressly. In contrast to section395.05, for example, section 395.01
places a "fiscal year" limitation upon paid leave for temporary military training: "shall be entitled to receive his salary or compensation as such public employee for the first 30 calendar days of such absence. Pay for such purposes shall not exceed 30 days in any one fiscal year." (See also § 395.03 ["No more than the pay for 30 calendar days shall be allowed . . . during any one fiscal year"].)[3] The absence of similar language in section 395.05 indicates a difference in legislative intent. (See Pasadena Police Officers Assn. v. City of Pasadena (1990) 51 Cal.3d 564, 576 ["When the Legislature `has employed a term or phrase in one place and excluded it in another, it should not be implied where excluded'"].)
Our interpretation of section 395.05 is consistent with our opinion in 69 Ops.Cal.Atty.Gen. 185 (1986), where we referred to a single state of emergency in the following terms: ". . . [A]n employee of a local public agency is entitled to a maximum of 30 calendar days of salary from his employer as well as a leave of absence for the duration of the emergency when ordered to active duty as a member of the [State Military] Reserve." (Id., at pp. 190-191.)
Finally, our construction of section 395.05 provides uniformity with the Legislatures treatment of state employees who are called to emergency duty. Under the State Civil Service Act (Gov. Code, §§ 19770-19786), state employees are entitled to paid leave for the first 30 days of each declared emergency (Gov. Code, §19775.1) regardless of the number of emergencies declared in a particular fiscal year (Gov. Code, § 19775.2). "`[S]tatutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.'" (Walnut Creek Manor v. Fair Employment Housing Com. (1991) 54 Cal.3d 245, 268.)
We conclude that a local public agency is required to pay an employee who is a member of the California National Guard for the first 30 days of any declared emergency in the state regardless of the number of emergencies declared during a particular fiscal year.
[1] Section references hereafter are to the Military and Veterans Code unless otherwise indicated.
[2] Section 120 provides: "The Militia of the State shall consist of the National Guard, State Military Reserve and the Naval Militia — which constitutes the active militia — and the unorganized militia."
[3] Section 395.01 concerns a "temporary military leave of absence for military duty ordered for purposes of active military training, encampment, naval cruises, special exercises, or like activity." Section 395.03 deals with both temporary military leave (§ 395.01) and federal military leave (§ 395.02). Neither section 395.01
nor section 395.03 concerns emergency leaves of absence, which is the exclusive subject of section 395.05.