BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE DENNIS CARDOZA, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
May a board member of a community college district become employed as a part-time or substitute instructor for the district?
 CONCLUSION
A board member of a community college district may not become employed as a part-time or substitute instructor for the district.
 ANALYSIS
The Legislature has enacted a comprehensive statutory scheme, the Walter Stiern Act (Ed. Code, §§ 70900-82548),[1]
governing the establishment and operation of community colleges throughout the state. The community college system is under the control of the Board of Governors of the California Community Colleges (§§70900-70901.5, 71020-71051), whose responsibilities include providing general supervision over community college districts (§ 70901), issuing regulations (§70901.5, see Cal. Code Regs., tit. 5, §§ 5:50001-5:59509), and appointing a chief executive officer, the Chancellor of the California Community Colleges, to perform duties as delegated by the Board of Governors (§ 71090).
At the local level, each community college is under the control of a board of trustees of the community college district in which the college is located. (§§ 70900, 70902, 72000-72682.) In operating the colleges within its district, a board of trustees is responsible for adopting regulations, employing staff, and delegating various duties to a chief executive officer, other employees, and committees. (§ 70902.)
The question presented for resolution concerns whether a board member of a local community college district may become employed as a part-time or substitute instructor for the district. We conclude that a board member may not do so.
Under general conflict of interest laws, a community college trustee may not become employed by the community college district in any capacity. Section 72533 provides:
 "The prohibitions contained in Article 4 (commencing with Section 1090) and Article 4.7 (commencing with Section 1125) of Division 4 of Title 1 of the Government Code are applicable to members of governing boards of community college districts and to members of citizens' oversight committees appointed by those governing boards pursuant to Chapter 1.5 (commencing with Section 15264) of Part 10."
Government Code section 1090, specified in section 72533, states in part:
 "Members of the Legislature, state, county, district, judicial district, and city officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members. Nor shall state, county, district, judicial district, and city officers or employees be purchasers at any sale or vendors at any purchase made by them in their official capacity."
This statutory prohibition against making contracts cannot be avoided by having the board member with the proscribed financial interest abstain from participating in the decision-making process. (Fraser-Yamor Agency, Inc. v. County of Del Norte (1977) 68 Cal.App.3d 201, 211-212.)
Accordingly, a community college district trustee may not become employed as an instructor since he or she would be "financially interested" in the employment contract as a member of the board of trustees. (73 Ops.Cal.Atty.Gen. 191, 194 (1990) [Government Code section1090 "would clearly prevent a school board member from becoming a teacher in the same district"]; see Thomson v. Call (1985) 38 Cal.3d 633,649-650; People v. Honig (1996) 48 Cal.App.4th 289, 313-318; Eldridge v. Sierra View Local Hospital Dist. (1990) 224 Cal.App.3d 311, 321; City of Imperial Beach v. Bailey (1980) 103 Cal.App.3d 191, 194-196; 82 Ops.Cal.Atty.Gen. 126, 128-129 (1999); 81 Ops.Cal.Atty.Gen. 373, 374-375 (1998); 76 Ops.Cal.Atty.Gen. 118, 119-120 (1993).)[2]
These general conflict of interest laws, however, would not prevent a community college instructor from becoming a member of a district's board of trustees. The employment contract would already have been made in such circumstances; the prohibition against entering into a contract would not apply to the instructor's election to the board. (See 73 Ops.Cal.Atty.Gen., supra, at p. 195 ["the terms of Government Code section1090 would not prevent a teacher with an existing contract from becoming a school board member. The person would not have the dual roles at the time the contract was executed"].) As noted in Eldridge v. Sierra View Local Hospital Dist., supra, 224 Cal.App.3d 311:
 ". . . [C]onflict of interest situations normally arise after a person takes office and are dependent upon activities subsequent to the person's taking office. Such conflicts do not generally prohibit a person with a potential conflict from running for or assuming public office, nor do they require a forfeiture of office.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "Because appellant had an existing contract of employment at the time she was elected, she was not required by the operation of section 1090 to resign either her job or a position on the board. [Citations.]" (Id. at pp. 320-321.)
When the election to office occurs after the employment contract has been executed, it may reasonably be assumed that the employment relationship was established based upon merit alone.
The Legislature may, of course, specifically prohibit public employees from serving on the boards and commissions that employ them. That is what the Legislature has done with respect to community college employees. Section 72103 provides:
 "(a) Any person, regardless of sex, who is 18 years of age or older, a citizen of the state, a resident of the community college district, a registered voter, and who is not disqualified by the Constitution or laws of the state from holding a civil office, is eligible to be elected or appointed a member of a governing board of a community college district without further qualifications.
 "(b)(1) An employee of a community college district may not be sworn into office as an elected or appointed member of that community college district's governing board unless and until he or she resigns as an employee. If the employee does not resign, the employment will automatically terminate upon being sworn into office.
 "(2) For any individual who is an employee of a community college district and an elected or appointed member of that community college district's governing board prior to January 1, 1992, this subdivision shall apply when he or she is reelected or reappointed, on or after January 1, 1992, as a member of the community college district's governing board. This section does not apply to an individual who is usually employed in an occupation other than teaching and who also is employed part time by the community college district to teach no more than one course per semester or quarter in the subject matter of that individual's occupation. . . ."
The Legislature has expressly prohibited a community college employee from becoming a trustee of a community college district. Either the employee must resign his or her employment before being sworn in as a trustee, or the employment will automatically be terminated upon the employee being sworn into office. (§ 72103, subd. (b)(1).) This prohibition against taking office does not apply if the employee (1) is usually employed in an occupation other than teaching and (2) is only employed part time by the community college district to teach no more than one course per semester or quarter in the subject matter of his or her occupation.
Hence, under the terms of section 72103, the Legislature has extended the general conflict of interest laws beyond their normal scope for community college employees, but the extension does not go so far as to include certain part-time instructors. The latter may be sworn in as trustees of a community college district. However, only where the employment contract has already been executed without a proscribed conflict do the terms of section 72103 come into play. Section72103 does not authorize a community college trustee to become employed as a part-time or substitute instructor for the district. Execution of such an employment contract would violate the general provisions of section 72533 and Government Code section 1090.
Returning to the circumstances presented herein, we find that we have a community college trustee wishing to become a part-time or substitute instructor for the district. We do not have a community college employee being elected as a community college trustee. Consequently, section72103 has no application, neither in its special prohibition against becoming a trustee nor in its exception for part-time instructors. The statute, by its own terms, cannot provide assistance in resolving the question presented. The answer may only be found in the language of section 72533 and Government Code section 1090. The appearance of impropriety is to be avoided in such circumstances; execution of the employment contract based on merit alone must be the perception.
Our interpretation of section 72103's provisions follows well recognized principles of statutory construction. "When construing a statute we must `ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977.) "`Our first step [in determining the Legislature's intent] is to scrutinize the actual words of the statute, giving them a plain and common-sense meaning. [Citations.]' [Citation.]" (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 633.) "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature. . . ." (Lungren v. Deukmejian (1998) 45 Cal.3d 727, 735.)
Based upon the prohibitions of section 72533 and Government Code section 1090, we conclude that a board member of a community college district may not become employed as a part-time or substitute instructor for the district.
[1] All references hereafter to the Education Code are by section number only.
[2] The Legislature has created various exceptions to the prohibition of Government Code section 1090, including what are deemed "remote interests" (Gov. Code, § 1091; see 67 Ops.Cal.Atty.Gen. 369, 377, fn. 8 (1984); 65 Ops.Cal.Atty.Gen. 305, 307 (1982)) and "noninterests" (Gov. Code, § 1091.5; see 81 Ops.Cal.Atty.Gen. 327, 328-329 (1998); 81 Ops.Cal.Atty.Gen. 169, 172-173 (1998)). In addition, a "rule of necessity" has been applied in particular circumstances to permit the execution of a contract that would otherwise be prohibited. (See 69 Ops.Cal.Atty.Gen. 102, 107-112 (1986).) The possible application of any of these exceptions to particular circumstances is beyond the scope of this opinion.