BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE SAN FRANCISCO BAY CONSERVATION AND DEVELOPMENT COMMISSION has requested an opinion on the following questions:
1. Is the City and County of San Francisco statutorily required to obtain approval from the County of San Mateo of its plans to expand the San Francisco International Airport into San Francisco Bay on property located within the county before the San Francisco Bay Conservation and Development Commission may act on the city's permit application for the project?
2. If so, may the San Francisco Bay Conservation and Development Commission waive or postpone the statutory requirement that the County of San Mateo approve the plans for the airport expansion before the commission may act on the city's permit application?
 CONCLUSIONS
1. The City and County of San Francisco is statutorily required to obtain approval from the County of San Mateo of its plans to expand San Francisco International Airport into San Francisco Bay on property located within the county before the San Francisco Bay Conservation and Development Commission may act on the city's permit application for the project.
2. The San Francisco Bay Conservation and Development Commission may not waive or postpone the statutory requirement that the County of San Mateo approve the plans for the airport expansion before the commission may act on the city's permit application.
 ANALYSIS
We are asked to determine whether the San Francisco Bay Conservation and Development Commission ("Commission") is statutorily authorized to act upon the permit application of the City and County of San Francisco ("City") to expand San Francisco International Airport ("Airport") into San Francisco Bay on property within the County of San Mateo ("County") prior to the County's approval of the expansion plans. If such is not the case, we are further asked whether the Commission has the administrative authority to waive or postpone the statutory requirement that the County's approval be obtained first. We conclude that the County must act first, which statutory requirement is not subject to administrative waiver or postponement by the Commission.
1. Requirement for Prior County Approval
The Legislature has enacted a comprehensive statutory scheme, the McAteer-Petris Act (Gov. Code, §§ 66600-66682; "Act"),[1]
to protect San Francisco Bay by empowering the Commission "to issue or deny permits, after public hearings, for any proposed project that involves placing fill, extracting materials or making any substantial change in use of any water, land or structure within the area of the commission's jurisdiction." (§ 66604.) The Commission's powers are deemed "essential" in order "to protect the present shoreline and body of the San Francisco Bay to the maximum extent possible." (Ibid.) The Act is to be construed broadly to effectuate its purpose of comprehensive regulation of development affecting the bay. (People ex rel. San Francisco Bay etc. Com. v. Smith (1994) 26 Cal.App.4th 113,120.)
Section 66632 is the focus of the first question. It provides:
 "(a) Any person or governmental agency wishing to place fill, to extract materials, or to make any substantial change in use of any water, land or structure, within the area of the commission's jurisdiction shall secure a permit from the commission and, if required by law or by ordinance, from any city or county within which any part of the work is to be performed. . . ."
 "(b) The commission shall establish reasonable requirements to assure that sufficient information is provided by permit applicants to allow the commission to act on the applications. The requirements shall include measures to assure that the city or county which has jurisdiction over a project may consider and act on all matters regarding the project that involve a discretionary approval before the commission acts on an application. The city or county shall fully inform the commission on any such matters and actions taken. The commission shall give full consideration to that information in its application review.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Pursuant to the Legislature's directive set forth in section 66632, subdivision (b), the Commission has adopted regulations to "assure that the city or county which has jurisdiction over a project may consider and act on all matters regarding the project that involve a discretionary approval before the commission acts on an application." Section 14:10310
of title 14 of the California Code of Regulations states:
 "The Commission shall file a major permit application pursuant to California Government Code section 66632 only when the applicant has submitted all of the following materials to the Executive Director:
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(f) evidence that:
 "(1) all local discretionary approvals (i.e., all approvals other than ministerial permits such as building permits) have been granted. . . .
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
In examining the language of section 66632, we may rely upon well-settled rules of statutory interpretation. "When construing a statute, we must `ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977.) "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citation.]" (Lungren v. Deukmejian (1998) 45 Cal.3d 727, 735.) "Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible." (California Mfrs. Assn. v. Public Utilities Com. (1979) 24 Cal.3d 836, 844.) Courts will not depart from an administrative agency's construction of a statute unless such construction is clearly erroneous or unauthorized. (People ex rel. San Francisco Bay etc. Com. v. Gianulias (1986) 188 Cal.App.3d 520, 527.)
Here, the County has "jurisdiction" over the proposed Airport expansion as well as "discretionary approval" over the project for purposes of section 66632. The Legislature has enacted the State Aeronautics Act (Pub. Util. Code, §§ 21001-27007) to regulate the construction and operation of airports in California. Public Utilities Code section 21661.6 provides:
 "(a) Prior to the acquisition of land or any interest therein, including tide and submerged lands or other lands subject to the public trust for commerce, navigation, or fisheries, by any political subdivision for the purpose of expanding or enlarging any existing publicly owned airport, the acquiring entity shall submit a plan of that expansion or enlargement to the board of supervisors of the county, or the city council of the city, in which the property proposed to be acquired is located.
 "(b) The plan shall show in detail the airport-related uses and other uses proposed for the property to be acquired.
 "(c) The board of supervisors or the city council, as the case may be, shall, upon notice, conduct a public hearing on the plan, and shall thereafter approve or disapprove the plan.
 "(d) Upon approval of the plan, the proposed acquisition of property may begin.
 "(e) The use of property so acquired shall thereafter conform to the approved plan, and any variance from that plan, or changes proposed therein, shall first be approved by the appropriate board of supervisors or city council after a public hearing on the subject of the variance or plan change.
 "(f) The requirements of this section are in addition to any other requirements of law relating to construction or expansion of airports."[2]
Accordingly, the board of supervisors of the County is required to conduct a public hearing on the proposed Airport expansion plan and approve or disapprove the plan. (Pub. Util. Code, § 21661.6, subd. (c).) This approval process meets the traditional definition of having "jurisdiction," "`[t]he authority of the law to act officially in the particular matter in hand' [Citation]." (Frazier v. Moffatt (1951)108 Cal.App.2d 379, 386.) The "particular matter in hand" is the Airport expansion project itself, and the County has the statutory authority to act officially in approving or disapproving the City's plan.
Moreover, the County has "discretionary approval" over the proposed project. The approval process set forth in Public Utilities Code section21661.6 involves the exercise of discretion. (City of Burbank v. Burbank-Glendale-Pasadena Airport Authority (1999) 72 Cal.App.4th 366,377; see also Cal. Code Regs., tit. 14, §§ 14:10310, 14:15357,14:15369.) Determining whether the proposed Airport expansion would be in the best interests of the County presents the same types of issues as presented in other land use regulatory decisions made pursuant to local police power authority. (City of Burbank v. Burbank-Glendale-Pasadena Airport Authority, supra, 72 Cal.App.4th at p. 377.)
We thus conclude in answer to the first question that the City is statutorily required to obtain approval from the County of its plans to expand the Airport into San Francisco Bay on property located within the County before the Commission may act on the City's application for the project.
2. Waiver or Postponement of Prior County Review
The second question concerns whether the Commission has the administrative authority to waive or postpone the County's approval of the proposed expansion project until after the Commission has reviewed and granted the City's permit application. We conclude that the Commission does not have such authority.
It is clear from the language of section 66632 that the Legislature intended for the Commission to have all relevant facts presented to it before it acts upon a permit application. The Commission's decision concerning whether San Francisco Bay should be subject to the placement of fill for a particular project must be based upon as complete a record as possible. If discretionary approvals by other local or regional governments have not been given, the Commission cannot make an informed decision as contemplated by the Legislature. "The commission shall establish reasonable requirements to assure that sufficient information is provided by permit applicants to allow the commission to act on the applications." (§ 66632, subd. (b).)
This is especially important because the Commission has only 90 days in which to act upon permit applications. "The permit shall be automatically granted if the commission shall fail to take specific action either denying or granting the permit within [90 days]." (§66632, subd. (f).) Any delay in getting the requisite information could prevent the Commission from meeting its statutory obligation for taking action in a timely manner.
In keeping with the mandate of section 66632, the Commission has adopted section 14:10311 of title 14 of the California Code of Regulations, providing a waiver of certain permit application requirements:
 "(a) Except as provided in subsection (b), the Executive Director may, at his or her sole discretion, waive or modify any or all of the permit application filing requirements contained in Section 14:10310 . . . if he or she concludes all of the following. . . .
 "(b) The Executive Director may not waive or modify . . . (1) the requirement that a permit application must obtain all local discretionary governmental approvals pursuant to Government Code Section 66632(b) and Regulation Section 14:10310(f). . . ."
As previously quoted, "Regulation Section 14:10310(f)" requires applicants to submit evidence that "all local discretionary approvals . . . have been granted." Thus, the Commission's regulations carry out the statutory directive of section 66632 and "would be invalid if they altered or impaired the Act's scope." (People ex rel. San Francisco Bay Construction etc. Com. v. Smith, supra, 26 Cal.App.4th at p. 122.) "`"Administrative regulations that alter or amend the statute or enlarge or impair its scope are void and courts not only may, but it is their obligation to strike down such regulations.' [Citation.]"" (Dyna-Med, Inc. v. Fair Employment Housing Com. (1987) 43 Cal.3d 1379, 1389.)
Given the plain wording of section 66632 and the Commission's careful adherence to the statutory requirements in its own regulations, we conclude that the Commission does not have the administrative authority to amend its regulations so as to waive or postpone the statutory requirement that the County approve the plans for the Airport expansion before the Commission may act on the City's permit application.
 * * * * *
[1] All references hereafter to the Government Code are by section number only.
[2] For purposes of this statute, "political subdivision" includes a city and county (Pub. Util. Code, § 21010), "`[a]irport' means any area of land or water which is used, or intended for use, for the landing and take-off of aircraft . . ." (Pub. Util. Code, §21013), and "`[l]and' includes tide and submerged lands or other lands subject to the public trust for commerce, navigation, or fisheries" (Pub. Util. Code, § 21020).