BILL LOCKYER Attorney General THOMAS S. LAZAR Deputy Attorney General
THE HONORABLE SIMON SALINAS, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
Are videotapes made by security cameras on public buses and other transit vehicles required to be retained for any specific length of time?
CONCLUSION
Videotapes made by security cameras on public buses and other transit vehicles are generally required to be retained for one year; the retention period may be reduced to 90 days under specified circumstances.
ANALYSIS
We are informed that many local agencies operate public transit systems in California that have buses and other transit vehicles equipped with security cameras. The question presented for resolution is whether state law requires the videotapes recorded by the security cameras to be retained for any length of time. We conclude that the videotapes generally are subject to a one-year retention period, but the period may be reduced to 90 days if certain conditions are met.
In 1997, the Legislature amended Government Code section 34090.6[1]
to read as follows:
"(a) Notwithstanding the provisions of Section 34090, the head of a department of a city, county, or city and county, public safety communications center, or the head of a special district, after one year, may destroy recordings of routine video monitoring, and after 100 days may destroy recordings of telephone and radio communications maintained by the department or the special district. This destruction shall be approved by the legislative body and the written consent of the agency attorney shall be obtained. In the event that the recordings are evidence in any claim filed or any pending litigation, they shall be preserved until pending litigation is resolved.
". . . . . . . . . . . . . . . . .
"(c) For purposes of this section, "routine video monitoring' means videotaping by a video or electronic imaging system designed to record the regular and ongoing operations of the departments or districts described in subdivision (a), including mobile in-car video systems, jail observation and monitoring systems, and building security taping systems."[2]
The following year, the Legislature enacted section 26202.3 to provide similarly with respect to certain county records:
"Notwithstanding Section 26202, the board, the governing board of any special district whose membership is the same as the membership of the board of supervisors, or the head of any county public safety communications center may authorize the destruction of recordings of routine video monitoring after one year and may authorize the destruction of recordings of telephone and radio communications maintained by the department or special district after 100 days. The destruction shall be approved by the legislative body and the written consent of the county agency . . . In the event that the recordings are evidence in any claim filed or in any pending litigation, they shall be preserved until the claim or pending litigation is resolved."[3]
The same 1998 legislation also amended section 34090.7 to read:
"Notwithstanding the provisions of Section 34090, the legislative body of a city or county may prescribe a procedure whereby duplicates of city or county records less than two years old may be destroyed if they are no longer required.
"For purposes of this section, video recording media, such as videotapes and films, and including recordings of "routine video monitoring' pursuant to Section 34090.6, shall be considered duplicate records if the city or county keeps another record, such as written minutes or an audiotape recording, of the event that is recorded in the video medium. However, a video recording medium shall not be destroyed or erased pursuant to this section for a period of at least 90 days after occurrence of the event recorded thereon."
Sections 26202.3, 34090.6 and 34090.7 all refer to "routine video monitoring." Section 34090.6, subdivision (c) defines this term as" videotaping by a video or electronic imaging system designed to record the regular and ongoing operations" of the local government. The statutory definition specifically includes "mobile in-car video systems, jail observation and monitoring systems and building security taping systems.
Videotapes made by security cameras on public buses and other transit vehicles constitute "routine video monitoring" as that term is used in sections 26202.3, 34090.6 and 34090.7. The security cameras are intended to monitor the operations of the buses and other transit vehicles, including any interactions between the passengers and the drivers. The vehicles are equipped with the cameras to promote safety and security in the same manner and for the same purposes as "building security taping systems." Such "videotaping" is "by a video or electronic imaging system designed to record the regular and ongoing [transit] operations" of the local agencies as defined in the statute (§34090.6, subd. (c))[4].
Accordingly, sections 26202.3 and 34090.6 generally specify a one-year retention period for the videotapes. Under the terms of section34090.7, the retention period may be reduced to 90 days "if the city or county keeps another record, such as written minutes or an audiotape recording, of the event that is recorded in the video medium."
By so construing the relevant statutes, we follow well established principles of statutory construction in harmonizing the provisions, giving meaning to each while effectuating the apparent legislative intent of having the videotapes preserved for a shortened period of time. (See Curb v. Superior Court (2001) 24 Cal.4th 1057, 1063, 1067; Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977-978; California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627,632-635, 642-643.)[5]
We conclude that videotapes made by security cameras on public buses and other transit vehicles are generally required to be retained for one year; the retention period may be reduced to 90 days under specified circumstances.
[1] All further statutory references are to the Government Code unless otherwise indicated.
[2] Section 34090 generally sets a two-year retention period for city records.
[3] Section 26202 generally sets a two-year retention period for county records.
[4] In the legislative histories of the three statutes in question, the term "mobile in-car video systems" (§ 34090.6, subd. (c)) appears to refer to police vehicle equipment. We need not determine whether such systems include transit vehicle security cameras since we find that the latter meet the general definition of "routine video monitoring" and are essentially the same as building security taping systems for purposes of these laws.
[5] The impetus for reducing the general two-year retention period to one year and possibly to 90 days was identified in the legislative histories of the statutes as the cost to the City of Newport Beach of $54,000 to retain videotapes from police patrol, jail surveillance and building security video systems over a two year period. (See, e.g., Sen. Coin. on Judiciary, Coin. on Assem. Bill No. 820 (1997-1998 Reg. Sess.) as amended June 11, 1997)