BILL LOCKYER Attorney General THOMAS S. LAZAR Deputy Attorney General
THE HONORABLE TOM TORLAKSON, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
Is a load of aggregate material required to be covered when transported on a highway if it remains six inches from the upper edge of the sides, front and back of the vehicle's cargo container area and does not extend at its peak above any part of the upper edge?
 CONCLUSION
A load of aggregate material is not required to be covered when transported on a highway if it remains six inches from the upper edge of the sides, front and back of the vehicle's cargo container area and does not extend at its peak above any part of the upper edge. However, the operator of the vehicle remains subject to citation if any of the material escapes from the vehicle.
 ANALYSIS Vehicle Code section 23114[1] provides:
"(a) No vehicle shall be driven or moved on any highway unless the vehicle is so constructed, covered, or loaded as to prevent any of its contents or load other than clear water or feathers from live birds from dropping, sifting, leaking, blowing, spilling, or otherwise escaping from the vehicle.
"(b)(1) Aggregate material shall only be carried in the cargo area of a vehicle. The cargo area shall not contain any holes, cracks, or openings through which that material may escape, regardless of the degree to which the vehicle is loaded, except as provided in paragraph (2).
"(2) Every vehicle used to transport aggregate materials, regardless of the degree to which the vehicle is loaded, shall be equipped with all of the following:
"(A) Properly functioning seals on any openings used to empty the load, including, but not limited to, bottom-dump release gates and tailgates.
"(B) Splash flaps behind every tire, or set of tires, regardless of position on the truck, truck tractor, or trailer.
"(C) Center flaps at a location to the rear of each bottom/dump release gate as to trucks or trailers equipped with bottom/dump release gates. The center flap may be positioned directly behind the bottom/dump release gate and in front of the rear axle of the vehicle, or it may be positioned to the rear of the rear axle in line with the splash flaps required behind the tires. The width of the center flap shall extend not more than one inch from one sidewall to the opposite sidewall of the inside tires and shall extend to within five inches of the pavement surface, and shall be not less than 24 inches from the bottom edge to the top edge of that center flap.
"(D) Fenders starting at the splash flap with the leading edge of the fenders extending forward at least six inches beyond the center of the axle which cover the tops of tires not already covered by the truck, truck tractor, or trailer body.
"(E) Complete enclosures on all vertical sides of the cargo area, including, but not limited to, tailgates.
"(F) Shed boards designed to prevent aggregate materials from being deposited on the vehicle body during top loading.
"(c) Vehicles comprised of full rigid enclosures are exempt only from subparagraphs (C) and (F) of paragraph (2) of subdivision (b).
"(d) For purposes of this section, `aggregate material' means rock fragments, pebbles, sand, dirt, gravel, cobbles, crushed base, asphalt, and other similar materials.
"(e)(1) On and after September 1, 1990, in addition to subdivisions (a) and (b), no vehicle shall transport any aggregate material upon a highway unless the material is covered.
"(2) Vehicles transporting loads composed entirely of asphalt material are exempt only from the provisions of this section requiring that loads be covered.
"(3) Vehicles transporting loads composed entirely of petroleum coke material shall not be required to cover their loads if they are loaded using safety procedures, specialized equipment, and a chemical surfactant designed to prevent materials from blowing, spilling, or otherwise escaping from the vehicle.
"(4) Vehicles transporting loads of aggregate materials shall not be required to cover their loads if the load, where it contacts the sides, front, and back of the cargo container area, remains six inches from the upper edge of the container area, and if the load does not extend, at its peak, above any part of the upper edge of the cargo container area.
"(5) The requirements of this subdivision shall become operative on September 1, 1990."
The question presented for resolution concerns a vehicle with a load of aggregate material that meets the conditions of section 23114, subdivision (e)(4). Must the load be covered when transported on a public highway? We conclude that covering the load is not required; however, the operator of the vehicle may be cited if any of the material in fact escapes from the vehicle.
The principles of statutory construction that govern our interpretation of section 23114 are well settled. "Our fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. [Citation.]" (Day v. City of Fontana (2001) 25 Cal.4th 268, 272.) "The words of the statute are the starting point." (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977.) " `Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.' [Citation.]" (Woods v. Young (1991) 53 Cal.3d 315, 323.)
Applying these principles of statutory construction, we find that the terms of section 23114 may be construed together and harmonized to effectuate the Legislature's intent. Subdivision (a) of the statute sets forth the Legislature's primary objective — to prevent the contents of a vehicle from escaping while the vehicle is being driven on a highway. Subdivision (a) contains the critical directive of section23114 in light of which the remainder of the statute must be interpreted.
This prohibition of section 23114 has always been the central provision of the statute as shown by its legislative history. (See Stats. 1989, ch. 533, § 12; Stats. 1989, ch. 125, § 2; Stats. 1988, ch. 1486, § 3; Stats. 1965, ch. 455, § 1; Stats. 1961, ch. 713, § 1; Stats. 1959, ch. 3, p. 1709; Stats. 1935, ch. 27, p. 229; Stats. 1931, ch. 1026, § 29; Stats. 1929, ch. 253, § 37 ½; Stats. 1927, ch. 752, § 24; Stats. 1923, ch. 266, § 96.) Originally enacted in 1923 as part of the California Vehicle Act, section 23114, then subdivision (b) of section 96 provided: "No vehicle shall be operated on any public highway unless it is so constructed as to prevent its contents from dropping, sifting, leaking or otherwise escaping from such vehicle."
The remaining provisions of section 23114 may be read in harmony with the general prohibition of subdivision (a). For example, the equipment requirements of subdivisions (b) and (c) are intended to prevent the escape of any aggregate material as defined in subdivision (d). These other subdivisions thus serve to accomplish the Legislature's objective as specified in subdivision (a).
Subdivision (e) of section 23114, the focus of our opinion, concerns whether aggregate material must be covered when being transported in a vehicle. Subdivision (e)(1) provides a general requirement that aggregate material must be covered. Subdivision (e)(2) provides a limited exception for asphalt material, which need not be covered. However, even though the operator of the vehicle cannot be cited for transporting asphalt material without a cover, the operator can be cited under subdivision (a) of the statute if any of the asphalt material escapes the vehicle.
The same is true for the limited exception of section 23114, subdivision (e)(3), concerning the transportation of petroleum coke material. If the conditions of this subdivision are met, the operator need not cover the petroleum coke material. However, if the material in fact escapes from the vehicle for any reason, the operator remains subject to citation for violating the terms of subdivision (a) of section23114.
In this context, then, the limited exception contained in subdivision (e)(4) of the statute may be readily ascertained. We are given that a load of aggregate material meets the conditions of this subdivision. The load contacts the sides, front, and back of the cargo container area at or below six inches from the upper edge of the container area, and at its peak, it does not extend above any part of the upper edge. Accordingly, the load need not be covered, and the operator of the vehicle cannot be cited for a failure to cover the load. However, as with the other exemptions for loads of aggregate material, even though a load complies with the conditions of subdivision (e)(4) of section 23114, the operator remains subject to citation under section 23114, subdivision (a), if any part of the material escapes from the vehicle for any reason.
Our construction of section 23114 gives meaning to each provision, provides consistency in the statute's application to the transportation of aggregate material, and effectuates the primary goal of the statute to prevent the contents of a vehicle from escaping while the vehicle is being driven on a highway. We conclude that a load of aggregate material is not required to be covered when transported on a highway if it remains six inches from the upper edge of the sides, front and back of the vehicle's cargo container area and does not extend at its peak above any part of the upper edge. However, the operator of the vehicle remains subject to citation if any of the material escapes from the vehicle.
[1] All further statutory references are to the Vehicle Code unless otherwise indicated.