[No. S033133. July 3, 1995.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
RONALD ALLAN AISHMAN et al., Real Parties in Interest.

## COUNSEL

Ewin L. Miller, Jr., District Attorney, Thomas F. McArdle and Luis M. Aragon, Deputy District Attorneys, for Petitioner.

Arlo Smith, District Attorney (San Francisco) and Charles F. Haines, Assistant District Attorney, as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Francis J. Bardsley, Public Defender, Loren I. Mandel, Alternate Public Defender, Gary R. Nichols, Deputy Public Defender, Jacqueline C. Crowle, Alternate Deputy Public Defender, David L. Baker, Sandra Resnick, William L. Burnell, Gilbert E. Newton, Kent H. Thaeler and D. David Nielsen for Real Parties in Interest.

John T. Philipsborn, Katzoff & Riggs and Robert R. Riggs as Amici Curiae on behalf of Real Parties in Interest.

## OPINION

**WERDEGAR, J.**—In this case we construe Penal Code section 422.75, one of California's "hate crimes" statutes.[1] Section 422.75 provides for imposition of a sentence enhancement for felonies committed because of the victim's race, color, nationality, country of origin, ancestry, disability or sexual orientation. The trial court granted real parties' pretrial motion to dismiss the section 422.75 allegations, holding the statute exerted a "chilling effect" on expression and was vague and overbroad. The Court of Appeal granted the People's petition for writ of mandate, concluding section 422.75 is not unconstitutional. We granted review to address the People's contention that, although the Court of Appeal correctly upheld the statute, it erroneously read section 422.75 as impliedly containing a specific intent

---

[1]Further statutory references are to the Penal Code unless otherwise specified.

requirement. We conclude the People's argument has merit. Since, however, the Court of Appeal reached the correct result in ordering the trial court to vacate its order dismissing the section 422.75 allegations, we affirm.

### FACTUAL AND PROCEDURAL SUMMARY

In order to address this purely legal question, we will rely on the summary of facts set forth in the opinion of the Court of Appeal.

Real party in interest Daniel J. Stout learned his wife allegedly had been raped by some Mexican men in the area of a creekbed behind the Alpine Market on Tavern Road in Alpine. Stout enlisted the aid of real parties Ronald Allan Aishman, Ronald Inman, Charles E. Nocita and Christopher S. Hastings in seeking to retaliate against the alleged rapists.

About a week later, on the evening of October 1, 1992, Hastings drove the other real parties to the area where the rape was said to have occurred. Stout, Inman, Aishman and Nocita walked down to the creek bed and attacked three men with baseball bats, metal pipes and a table leg. The victims suffered fractures and lacerations.

As evidence of a bias motivation in the selection of the victims, the People relied on various statements purportedly made by real parties. For example, Aishman was alleged to have talked about "hitting home runs with Mexicans." Additionally, Inman allegedly had both a swastika and the words "Thank God I'm White" tattooed on his arms.

Each of the real parties was charged by information with three counts (one count for each victim) of assault with a deadly weapon and by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) and three counts of battery with serious bodily injury (§ 243, subd. (d)). For each real party the information further alleged the offense charged in each count was committed (1) while acting with another, and (2) because of the victims' race, color, nationality, country of origin or ancestry, in violation of section 422.75, subdivision (b).

Real parties moved to dismiss the section 422.75 allegations on constitutional grounds, arguing the statute is vague and overbroad and punishes speech or thought in violation of the First and Fourteenth Amendments. In opposition, the People contended the statute punishes discriminatory conduct, not speech, and thus is consistent with the First Amendment. The People further argued the statute is neither overbroad nor vague. The trial court ruled section 422.75 violates the First Amendment because it has a

"chilling effect" on freedom of expression, and also violates the Fourteenth Amendment because it is overbroad and thus invites "standardless prosecution." Accordingly, the trial court dismissed the section 422.75 allegations.

The Court of Appeal granted the People's ensuing petition for writ of mandate and directed the trial court to vacate its dismissal order. It upheld the constitutionality of section 422.75, concluding the statute does not violate the First Amendment, because it punishes conduct rather than speech. The Court of Appeal also concluded section 422.75 satisfies the requirements of the Fourteenth Amendment, if read to include a specific intent requirement and if the "because of" language contained in section 422.75 is interpreted to require the victim's protected characteristic be a "substantial factor" in the defendant's selection of the victim.

## DISCUSSION

■  At the time of the offenses alleged in this case, section 422.75 provided in relevant part as follows: "(b) Except in the case of a person punished under Section 422.7 or subdivision (a) of this section, any person who commits a felony or attempts to commit a felony because of the victim's race, color, religion, nationality, country of origin, ancestry, disability, or sexual orientation and who voluntarily acted in concert with another person either personally or by aiding and abetting another person shall receive an additional two, three, or four years in state prison at the court's discretion."[2]

Relying on *People* v. *Lashley* (1991) 1 Cal.App.4th 938, 946-947 [2 Cal.Rptr.2d 629] (*Lashley*), the Court of Appeal reasoned section 422.75 must be read to include a specific intent requirement. We disagree. Neither *Lashley* nor the statutory language supports the conclusion.

*Lashley, supra,* 1 Cal.App.4th 938, construed not section 422.75, but sections 422.6 and 422.7. Section 422.6 prohibits "*willfully* injur[ing], intimidat[ing] or interfer[ing] with, oppress[ing], or threaten[ing] any other person" in the exercise and enjoyment of his or her rights under the Constitution

---

[2]Subdivision (a) of section 422.75 provides for an enhancement of one, two, or three years, at the court's discretion, for one who commits a felony because of the victim's protected status without acting in concert with another. Subdivision (d) of the statute provides, in the case of one punished under subdivision (a) or (b), for an additional term of one year in state prison for each prior felony conviction, on charges brought and tried separately, in which the trier of fact found the crime was committed because of the victim's protected characteristic. In 1994 section 422.75 was amended to expressly apply, in addition, when a person commits the offense because he or she perceived the victim to have one or more of the protected characteristics. (Stats. 1994, ch. 407, § 4.)

or laws of this state or those of the United States, by force or threat of force, because of the other person's race, color, religion or other specified protected characteristic. (§ 422.6, subd. (a), italics added.) Section 422.7 makes it a crime, punishable as a felony, for any person to commit a misdemeanor (except an offense constituting a violation of section 422.6) against another's person or property *for the purpose of* intimidating or interfering with the other's exercise or enjoyment of any right secured to him or her by federal or state law, because of the other person's specified protected characteristic. (§ 422.7.) The *Lashley* court noted both sections were modeled after the federal criminal civil rights statute presently codified at 18 United States Code section 242 and the Massachusetts Civil Rights Act of 1979. (*Lashley, supra*, 1 Cal.App.4th at p. 947.) Relying on decisions interpreting those statutes (see, e.g., *Screws* v. *United States* (1945) 325 U.S. 91, 101, 106-107 [89 L.Ed. 1495, 1502, 1505, 65 S.Ct. 1031, 162 A.L.R. 1330]; *United States* v. *Ehrlichman* (D.C. Cir. 1976) 546 F.2d 910, 921 [178 App.D.C. 144, 39 A.L.R.Fed. 604]; *Com.* v. *Stephens* (1987) 25 Mass.App. 117 [515 N.E.2d 606]), the *Lashley* court interpreted the "willfully" element of section 422.6 to require proof a defendant specifically intended to deprive another person of his or her civil rights. (1 Cal.App.4th at p. 949.) Acknowledging section 422.7 does not contain the word "willfully," the *Lashley* court nevertheless concluded, in light of other similarities in the wording of that statute to its federal counterpart, a specific intent is necessary to prove a violation of section 422.7 as well as section 422.6. (*Lashley, supra*, 1 Cal.App.4th at p. 949; see also *In re M.S.* (1995) 10 Cal.4th 698, 713 [42 Cal.Rptr.2d 355, 896 P.2d 1365].)

Unlike the language of sections 422.6 and 422.7, that contained in section 422.75 does not admit of a specific intent requirement. Section 422.6 punishes "willfully" injuring, intimidating, interfering with, oppressing or threatening another person in the exercise of legal rights; section 422.7 prohibits doing certain acts "for the purpose of" intimidating or interfering with another person's exercise of legal rights. Both statutory formulations import the concept of doing an act with the intent to achieve a further consequence, i.e., to deprive the victim of his or her legal rights. (See *People* v. *Daniels* (1975) 14 Cal.3d 857, 860 [122 Cal.Rptr. 872, 537 P.2d 1232] [defining general and specific intent].) In contrast, section 422.75 simply increases the punishment for a felony *motivated* by prohibited bias, without reference to the perpetrator's seeking any further consequence.

The judiciary ordinarily has no power to insert in a statute an element the Legislature has omitted (*Wells Fargo Bank* v. *Superior Court* (1991) 53

Cal.3d 1082, 1099 [282 Cal.Rptr. 841, 811 P.2d 1025]), and no reason appears in this case to warrant departure from this rule. We thus conclude section 422.75 contains no specific intent requirement.

Real parties' brief on the merits acknowledges the absence of any specific intent requirement from section 422.75, and real parties do not renew the argument that such absence renders the statute unconstitutionally vague. Instead, they challenge the Court of Appeal's interpretation of the statute's motive element. They argue the Legislature, in enhancing the punishment for a felony committed "because of" the victim's race, religion or other protected characteristic, intended section 422.75 not to apply unless the prosecution proves the crime would not have been committed *but for* the bias motive. The People have joined issue with real parties on the proper interpretation of "because of," urging us to construe the phrase as requiring proof the bias motive was a "substantial motivating factor" in the commission of the offense. The People express concern lest the causation element of section 422.75 become an impossible burden for the prosecution in hate crimes cases.

Because no party petitioned for review on this ground, we need not consider the issue. (Cal. Rules of Court, rule 28(e)(2).) The parties, however, have briefed the issue, they ask us to decide it, the issue is significant, and to decide it now will conserve judicial resources. (Cf. *Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 454 [279 Cal.Rptr. 834, 807 P.2d 1063].) In *In re M.S., supra,* 10 Cal.4th at pages 716-720 we have interpreted identical statutory language ("because of") contained in other hate crimes statutes (sections 422.6 and 422.7) to mean the bias motivation must have been a cause in fact of the offense, and when multiple concurrent causes exist, the bias motivation must have been a substantial factor in bringing about the offense. (*In re M.S., supra,* 10 Cal.4th at p. 719.) Our reasoning on this point in *In re M.S., supra,* applies with equal force to section 422.75.

CONCLUSION

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Arabian, J., Baxter, J., and George, J., concurred.

**MOSK, J.**—I concur in the judgment. (See *In re M.S.* (1995) 10 Cal.4th 698, 728-729 [42 Cal.Rptr.2d 355, 896 P.2d 1365] (conc. opn. of Mosk, J.).)

KENNARD, J., Concurring.—The majority holds that the words "because of" in Penal Code section 422.75 carry the meaning they have in former Penal Code sections 422.6 and 422.7, as construed by this court in the companion case of *In re M.S.* (1995) 10 Cal.4th 698 [42 Cal.Rptr.2d 355, 896 P.2d 1365]. Subject to the understanding stated in my concurring opinion in that case, I concur in the judgment and in the majority opinion.