Filed 6/10/14  P. v. Avila CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL AVILA,<br><br>    Defendant and Appellant. | 2d Crim. No. B247954<br>(Super. Ct. No. BA366400)<br>(Los Angeles County) |

A jury convicted Daniel Avila of eight counts of making criminal threats. (Pen. Code, § 422.)  The jury also found hate crime allegations to be true as to counts 1 and 9.  (*Id.*, § 422.55.)[1]  Avila received a prison sentence of 11 years, 4 months.

On appeal Avila contends the hate crime allegations are not supported by substantial evidence.  We affirm.

*FACTS*

*(a)  Marc Leventhal (count 1)*

Ventura County Deputy District Attorney Marc Leventhal prosecuted Avila for criminal fraud in 2005.  While Avila was out on bail, he threatened to kill a man in Texas and rape the man's daughters.  The court granted Leventhal's motion to increase

---

[1] All statutory references are to the Penal Code.

Avila's bail. Avila was then held in custody. While in jail, Avila called his mother, Herminia Avila, who placed calls to third parties for him in violation of jail rules. Leventhal threatened to have Avila's right of representation revoked if he continued.

In July 2008 Leventhal obtained a recording of a telephone call between Avila and his mother. At the beginning of the call, Avila announced that the call was privileged and no one was allowed to listen. He said he was testing the privilege by threatening to kill Leventhal. He said he knew where Leventhal lived and would kill him if he continued to harass Herminia Avila.

During August and September 2009, Leventhal received five or six telephone calls from Avila. During the calls Avila said: "I'm gonna kill your ass, motherfucker. I'm gonna get you for being a Jew, I'm gonna burn you the way Hitler should have done that to your fuckin' parents. [¶] . . . [¶] I'm gonna kill your ass, motherfucker. Kill your ass. Piece of shit. Fuckin' Jewish fuckin' kike. Yep, they should've killed your parents, man. If Hitler would have murdered your parents, you would have never been born. Had 'em burned. Burned your dad, man. They would have never been able to create your ass."

The telephone calls terrified Leventhal. He spoke to Avila's doctor who said Leventhal should take the threats seriously.

*(b) Rama Maline (count 9)*

In July 2009 Deputy Attorney General Rama Maline was prosecuting three other defendants for conspiracy to murder Leventhal. Maline is half Indian. Between July and September 2009, Avila made eight telephone calls to Maline. During the telephone calls Avila continually referred to Maline as a "raghead," and threatened to kill Maline "for being a fucking raghead." In one telephone call he told Maline, "I'm going to kill your raghead ass for being a fucking raghead. You're a traitor to the United States. You're a second generation raghead. Why don't you go back to your fucking Rama country, man."

*(c)  Other Threats*[2]

Deputy Attorney General Jonathan Kline was prosecuting Avila for threats to Leventhal and others.  Avila made two telephone calls to Kline threatening to kill him.

Deputy Attorney General Michele Wong received five telephone calls from Avila threatening to rape and murder her.

Deputy District Attorneys Kasey Sirody, Rachelle Dean, Melissa Suttner and Joann Roth received letters and telephone calls from Avila threatening to rape and murder them.

All the victims testified Avila's threats made them fearful.

*DEFENSE*

Deputy Public Defender William Quest was advised by a sheriff's deputy that Avila had written a letter threatening to kill Quest.  Quest knew Avila to be severely mentally ill and did not take the threat seriously.  He laughed about it with the sheriff's deputy.

Deputy Public Defender Cynthia Ellington represented Avila in an election fraud case after his in propria persona status was revoked.  Avila sent Ellington a letter threatening to kill her.  The letter caused her no fear because she knew Avila well.  She even found the letter to be humorous.  She framed it and hung it on her wall "for others to enjoy."

DISCUSSION

Avila contends the hate crime enhancements were not supported by substantial evidence.

Section 422.55, subdivision (a) provides in part:  "'Hate crime' means a criminal act committed, in whole or in part, because of one or more of the following actual or perceived characteristics of the victim: . . . (4) Race or ethnicity."

---

[2] Because Avila's contentions on appeal relate only to threats against Leventhal and Maline, we need to only briefly summarize Avila's threats against others.

3

Section 422.56, subdivision (d) provides: "[As used in section 422.55, subdivision (a):] 'In whole or in part because of' means that the bias motivation must be a cause in fact of the offense, whether or not other causes also exist. When multiple concurrent motives exist, the prohibited bias must be a substantial factor in bringing about the particular result. There is no requirement that the bias be a main factor, or that the crime would not have been committed but for the actual or perceived characteristic. This subdivision does not constitute a change in, but is declaratory of, existing law under *In re M.S.* (1995) 10 Cal.4th 698 and *People v. Superior Court (Aishman)* (1995) 10 Cal.4th 735." (Underline omitted, italics added.)

In reviewing the sufficiency of the evidence we view the evidence in a light most favorable to the judgment. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) We discard evidence that does not support the judgment as having been rejected by the trier of fact for lack of sufficient verity. (*People v. Ryan* (1999) 76 Cal.App.4th 1304, 1316.) We have no power on appeal to reweigh the evidence or judge the credibility of witnesses. (*People v. Stewart* (2000) 77 Cal.App.4th 785, 790.) We must affirm if we determine that any rational trier of fact could find the elements of the crime or enhancement beyond a reasonable doubt. (*People v. Johnson*, *supra*, at p. 578.)

Here Avila threatened Leventhal, "I'm gonna kill your ass, motherfucker. I'm gonna get you for being a Jew, I'm gonna burn you the way Hitler should have done that to your fuckin' parents." Avila also threatened Maline, "I'm going to kill your raghead ass for being a fucking raghead." "Raghead" is an obvious reference to Maline's Indian heritage.

The jury could reasonably conclude from this language, as well as from Avila's use of other racially charged language, that Leventhal's and Maline's race or ethnicity was a substantial factor in making the threats. It may be true that Avila was not solely motivated by race or ethnicity. But section 422.56, subdivision (d) clarifies that sole motivation is not a requirement. Race or ethnicity of the victims need only be a "substantial factor." (*Ibid.*)

4

Avila claims *In re M.S.*, *supra*, 10 Cal.4th 698 and *People v. Lindberg* (2008) 45 Cal.4th 1, make it clear that the defendant must be motivated by racial bias such that the crimes would not have occurred in the absence of that motivation. But neither case so holds. Instead, both cases affirm that the substantial factor test applies. Section 422.56, subdivision (d) provides in part: "There is no requirement that the bias be a main factor, or that the crime would not have been committed but for the actual or perceived characteristic." Thus the People need not prove Avila was motivated by racial bias such that the crimes would not have occurred in the absence of that motivation.

The judgment is affirmed.


GILBERT, P. J.


We concur:


PERREN, J.


BURKE, J.[*]

---

[*] (Judge of the Superior Court of San Luis Obispo County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

Craig J. Mitchell, Judge

Superior Court County of Los Angeles

_____


David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Victoria B. Wilson, Supervising Deputy Attorneys General, for Plaintiff and Respondent.