EDMUND G. BROWN JR. Attorney General DANIEL G. STONE Deputy Attorney General
THE HONORABLE LOU CORREA, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
Does a firefighter on full-time active duty in the California State Military Reserve, working at a military base and being paid by the California Military Department, qualify as "a permanent career firefighter employed by the state" who may become eligible for placement on a hiring list prepared by the California Firefighter Joint Apprenticeship Program? *Page 2 
 CONCLUSION
A firefighter on full-time active duty in the California State Military Reserve, working at a military base and being paid by the California Military Department, does qualify as "a permanent career firefighter employed by the state" who may become eligible for placement on a firefighter hiring list prepared by the California Firefighter Joint Apprenticeship Program for use by local governments.
 ANALYSIS
This question concerns the eligibility requirements of Government Code section 53270, [1] which permits certain displaced career firefighters to be placed on a hiring list *Page 3 
maintained by the California Firefighter Joint Apprenticeship Program (CFJAP)[2] for local government firefighter positions. Appointments from the CFJAP list may be made irrespective of certain local rules which might otherwise pose an obstacle to the appointment. Local governments are not required to use the list in making their hiring decisions, however. The list serves mainly to bring fully trained, qualified, and available firefighters to the attention of hiring entities and to enable those entities to more readily employ displaced *Page 4 
career firefighters.
As it was first enacted in 1997, section 53270 afforded this hiring opportunity to any "civilian federal firefighter" who was terminated as the result of a federal military base "closure."[3] In 1999, the statute was amended to clarify that list placement is also available to any "permanent career civilian federal firefighter" who loses that job due to the "closure, downsizing or realignment" of a federal military installation.[4] The 1999 amendments were identified as being declaratory of existing law.[5]
Section 53270 was most recently amended in 2004, when eligibility for placement on the preferential hiring list was expanded to include any "permanent career firefighter employed by the state or a local government" who is terminated "as a consequence of job elimination."[6] In an uncodified section of the 2004 statute, the Legislature stated that the purpose of these most recent amendments was to allow the CFJAP to establish a list of "all displaced state and local government firefighters due to layoffs in any jurisdiction in California," and to give fire agencies the authority to grant special hiring consideration to those displaced firefighters.[7] *Page 5 
Here, we examine whether section 53270 applies to a firefighter who is on full-time active duty with the California State Military Reserve, employed at a military training base, and paid by the California Military Department. Is such a firefighter a "permanent career firefighter employed by the state" who becomes eligible for placement on the hiring list after being "terminated as a permanent career state or local government firefighter"? We conclude that a firefighter in that situation would indeed be eligible for inclusion on the hiring list.
One area of uncertainty about whether section 53270 applies to such firefighters stems from the fact that they are not "civilian" employees of the California Military Department, but are instead members of the military. They are on full-time active duty as part of the California State Military Reserve and are part of the "active militia" of the state.[8] They are engaged in military service[9] and are subject to the federal Uniform Code of Military Justice.[10] It is our opinion, however, that section 53270 conditions list eligibility upon "civilian" status only for displaced federal firefighters.
As it now stands under section 53270, the CFJAP hiring list comprises two general categories of workers: (1) any person who was "serving as a permanent career civilian federal firefighter in good standing at any United States military installation" and was terminated due to "the closure, downsizing, or realignment of a federal military installation;" and (2) any person who "was a permanent career firefighter employed by the state or a local government within the state" and was terminated "as a consequence of job-elimination."[11] *Page 6 
Taken alone, this language plainly limits the use of the restrictive adjective "civilian" to federal firefighters. There is no parallel "civilian" restriction when these provisions refer to state and local firefighters, [12] and we must assume that the Legislature's omission of that term in the state and local contexts was deliberate.[13]
Despite this clear language, some confusion has arisen because there are several points in the statute where the Legislature refers to all eligible firefighters together, using the phrase "permanent career civilian federal, state, or local government firefighter."[14] It might be argued that in this phrase the adjective "civilian" should be read to modify all three categories of firefighters — federal, state, and local. However, we believe that to do so would be to thwart the Legislature's intent.
At every place in the statute where the phrase occurs, the term "civilian" was already part of the text before the 2004 amendments, and its function at that point was to modify only the term "federal firefighter." That is, the phrase in each case used to be "civilian federal firefighter."[15] When it amended these provisions in 2004, the Legislature inserted the newly eligible state and local categories into the existing framework, resulting in the arguably ambiguous phrase, "civilian federal, state, or local government firefighter." We believe that any ambiguity caused by this phrase is logically and appropriately resolved by referring to subdivisions (b)(1) and (b)(3), in which the phrase "permanent career civilian federal firefighter" appears, separately and disjunctively, ("or"), from the entirely new category of permanent career state and local firefighters. In our view, the language newly drafted for subdivisions (b)(1) and (b)(3) leaves no doubt that the term "civilian" applies only to federal firefighters.
Furthermore, our construction is consistent with the Legislature's stated purpose in amending the statute in 2004, namely, "to establish and administer a list of all displaced state and local government firefighters due to layoffs in any jurisdiction in California. . . ."[16] Nothing in the legislative history of the 2004 amendments indicates a contrary intent. *Page 7 
A second area of uncertainty about whether section 53270 applies to state military firefighters stems from the question whether a person who is working as a firefighter as part of a military assignment may properly be characterized as a "permanent career" firefighter. We conclude that firefighters may indeed satisfy these requirements notwithstanding their employment in the California State Military Reserve. Their eligibility under section 53270, however, turns on the nature of the particular positions they hold, and firefighters whose present jobs are term, temporary, or volunteer positions would not qualify for placement on the CFJAP hiring list.
In analyzing the meaning of "permanent" and "career" in section 53270, we apply well recognized principles of statutory construction. Our primary duty is to ascertain the intent of the Legislature in order to effectuate the purpose of the law.[17] "In determining intent, we look first to the words of the statute, giving the language its usual, ordinary meaning."[18] Legislative committee reports are often useful in determining the Legislature's intent.[19]
There is every indication that the Legislature's use of the words "permanent" and "career" in section 53270 is intended to distinguish between professional firefighters in permanent positions and those serving in temporary or short-term assignments. A committee report on the legislation which first incorporated those two words into section 53270 makes the matter plain:
 This bill further clarifies that the firefighters who are to be assigned special status are permanent, career professionals, as distinguished from temporary or short-term employees. The bill's sponsor, California Professional firefighter [sic], maintains that it is inappropriate to favor the latter category of employees, since "term and temporary appointments are acknowledged from the start to be of limited duration with no commitment to a career position." In fact, the sponsor reports, many in this category "actually gain rather than lose employment due to base closures because they are employed to back-fill between the time career personnel leave their positions to the time when the position is eliminated."[20] *Page 8 
We recognize that an active member of the State Military Reserve is exempt from the state civil service.[21] We are also aware that courts are understandably hesitant to interpret statutory language concerning general employment to include members of the military.[22] However, this is not a case of trying to apply a run-of-the-mill civil service rule in a purely military context. The statute in question was originally conceived as a way of making the transition from federal to state or local employment slightly easier for firefighters whose jobs were eliminated by federal base closures. In later extending the privilege of being placed on the CFJAP hiring list to "all displaced state and local government firefighters," the Legislature was necessarily aware of the difference between civilian and military firefighting employment, and of the possibility of firefighting job losses due to changing military assignments. Therefore we see no reason not to apply section 53270 to government firefighter who suffer military as well as non-military job losses.
In addition, we note that career firefighters are generally distinguishable from volunteer firefighters. A volunteer firefighter ordinarily has other full-time employment from which he or she is occasionally called to perform emergency duty with a regularly organized volunteer fire department of a local agency, either with or without pay.[23] A volunteer firefighter may not reasonably be characterized as a permanent career firefighter for purposes of section 53270.
Accordingly, we conclude that a firefighter on full-time active duty in the California State Military Reserve, working at a military base and being paid by the California Military Department, does qualify as "a permanent career firefighter employed by the state" who may become eligible for placement on a hiring list prepared by the California Firefighter Joint Apprenticeship Program.
[1] Government Code section 53270 provides as follows:
 (a) The Legislature hereby finds that the hiring of permanent career civilian federal, state, and local government firefighters by local agencies as specified in this section is in need of uniform statewide regulation and constitutes a matter of statewide concern that shall be governed solely by this section.
 (b) Notwithstanding any other provision of law, upon approval by its governing body, a local government, including, but not limited to, a fire protection district, joint powers agency, or the fire department of a city, including a charter city, county, or city and county, or any political subdivision of one of these agencies, when hiring additional firefighters, may appoint as a member or officer any person who meets all of the following criteria:
 (1) Was serving as a permanent career civilian federal firefighter in good standing at any United States military installation or was a permanent career firefighter employed by the state or a local government within the state.
 (2) Has satisfactorily completed all firefighter training required for employment as a permanent career civilian federal, state, or local government firefighter.
 (3) Was, as a consequence of the closure, downsizing, or realignment of a federal military installation, terminated as a permanent career civilian federal firefighter, or as a consequence of job-elimination, terminated as a permanent career state or local government firefighter, within 48 months prior to the appointment.
 (c) The appointment authority created by this section shall take precedence over any provision of, or any condition or circumstance arising from a provision of, a charter, ordinance, or resolution that governs employment of firefighters, that would otherwise frustrate the purpose of this section, including, but not limited to, the following:
 (1) The local government maintains a civil service or merit system governing the appointment of firefighters.
 (2) The local government has available to it an eligible or regular re-employment list of persons eligible for those appointments.
 (3) The appointed person is not on any eligible list.
 (d) A local government may not appoint a person pursuant to this section if a special reemployment list is in existence for the firefighter position to be filled.
 (e) If a local government determines to appoint a person pursuant to this section, it shall give first priority to residents of the jurisdiction, and second priority to residents of the county not residing in the jurisdiction.
 (f) The seniority, seniority-related privileges, and rank that a permanent career civilian federal, state, or local government firefighter possessed while employed at a federal military installation or by the state or a local government shall not be required to be transferred to a position in a local government fire department obtained pursuant to this section.
 (g) To effectuate the purposes of this section, the California Firefighter Joint Apprenticeship Program may administer, prepare, and circulate to local governments a list of permanent career civilian federal, state, and local government firefighters eligible for appointment pursuant to this section. Placement on the list shall be governed by length of service as a permanent career civilian federal, state, or local government firefighter. A permanent career civilian federal, state, or local government firefighter may apply for a placement on the list after he or she receives a notice of termination of position or a priority placement notice, and shall remain on the list for a period of 48 months.
[2] CFJAP is a training program supported both by management and by labor organizations; it encompasses nearly all paid occupations found in the California Fire Service. (See http://www.cffjac.org.)
[3] 1997 Cal. Stat. ch. 73, § 1.
[4] 1999 Cal. Stat. ch. 305, § 1.
[5] Id. at § 2.
[6] 2004 Cal. Stats. ch. 126, § 2.
[7] Id. at § 1(f). In its entirety, uncodified section 1 provides:
 The Legislature finds and declares all of the following:
 (a) Fiscally strapped fire agencies often propose eliminating public employee jobs, including career firefighter positions, in an effort to relieve local budget shortfalls.
 (b) Firefighters who are displaced as a result of job elimination have spent many months qualifying for professional work and have completed probation periods of up to one year, and in some cases two years, to prove their competency.
 (c) The loss of a career job is not only devastating to a firefighter, but to his or her family members as well.
 (d) Current law enables the California Firefighter Joint Apprenticeship Program to establish and administer a list of federal firefighters displaced due to military base closures and gives fire departments the ability to hire from the established list.
 (e) The creation and management of a similar hiring list for use by local fire agencies will save local governments time, as well as money with regard to the hiring process. It will also give professional firefighters the ability to continue working in their chosen fire service career.
 (f) It is the intent of the Legislature to allow the California Firefighter Joint Apprenticeship Program to establish and administer a list of all displaced state and local government firefighters due to layoffs in any jurisdiction in California and give fire agencies the authority to grant special hiring consideration to displaced fire service personnel.
[8] See Mil. Vet. Code §§ 51, 120, 550, 551, 563; Holmesv. Cal. Natl. Guard, 90 Cal. App. 4th 297, 309-310 (2001);69 Ops.Cal.Atty.Gen. 185, 185-186 (1986).
[9] Mil. Vet. Code § 563.
[10] Mil. Vet. Code § 560.
[11] Govt. Code § 53270(b)(1), (3).
[12] Id.
[13] Horwich v. Super. Ct., 21 Cal. 4th 272, 290 (1999), citingPeople v. Woodhead,43 Cal. 3d 1002, 1010 (1987) (when statute uses term in one place and omits it in another, term "should not be inferred where it has been excluded.")
[14] Govt. Code §§ 53270(a), (b)(2), (f), (g).
[15] See 2004 Cal. Stats. ch. 126, § 2.
[16] Id. at § 1(f) (emphasis added).
[17] Wilcox v. Birtwhistle, 21 Cal. 4th 973, 977 (1999) (citation omitted).
[18] Curle v. Superior Court, 24 Cal. 4th 1057, 1063 (2001).
[19] People v. Cruz, 13 Cal. 4th 764, 773-774, n. 5 (1996).
[20] Assembly Comm. on Local Govt., Rpt. on Sen. Bill 258 as amend. April 6, 1999, p. 2; (1999-2000 Reg. Sess.).
[21] Cal. Const. art. VII, § 4(k).
[22] See Frey v. State of Cal., 982 F. 2d 399, 402 (1993) ("In the absence of clear Congressional intent, the courts must not readily interpret statutory language of general application to include the military.")
[23] See 78 Ops.Cal.Atty.Gen. 116, 117 (1995); see also85 Ops.Cal.Atty.Gen. 230, 231. E.g., Govt. Code § 8588.10(d)(10)(E) (emergency response training advisory committee's membership shall include "[t]wo firefighters, one from a statewide organization that represents career firefighters and one from a statewide organization that represents both career and volunteer firefighters.")
 *Page 1